**MARIO MERCADO E HIJOS** (Central Rufina), **Appellant,**

v.

**Ezra Taft BENSON, Secretary of Agriculture, et al., Appellees.**

**No. 12747.**

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 16, 1955.
Decided March 22, 1956.

252

Mr. Darwin Charles Brown, Washington, D. C., of the bar of the Supreme Court of California, pro hac vice, by special leave of Court, with whom Mr. Harold Leventhal, Washington, D. C., was on the brief, for appellant. Mr. David Ginsburg, Washington, D. C., also entered an appearance for appellant.

Mr. Neil Brooks, Asst. Gen. Counsel, United States Dept. of Agriculture, with whom Messrs. Leo A. Rover, U. S. Atty., Paul A. Sweeney, Atty., Dept. of Justice, and Donald A. Campbell, Atty., U. S. Dept. of Agriculture, were on the brief, for appellees. Mr. Lewis Carroll, Asst. U. S. Atty., also entered an appearance for appellees.

Before EDGERTON, Chief Judge, and WILBUR K. MILLER and FAHY, Circuit Judges.

EDGERTON, Chief Judge.

Appellant, a producer-processor of sugar in Puerto Rico, seeks declaratory and injunctive relief against action of the Secretary of Agriculture under the Sugar Act of 1948, 61 Stat. 922, 7 U.S.C.A. § 1100 ff. The Act authorizes the Secretary to make certain payments, from funds appropriated by Congress, to producer-processors who comply with certain conditions, one of which is that they pay, for beets or cane grown by other producers, not less than rates "that may be determined by the Secretary to be fair and reasonable after investigation and due notice and opportunity for public hearing." 61 Stat. 929, 930, § 301(c) (2), 7 U.S.C.A. § 1131(c) (2). Finding that appellant failed to comply with this condition for 1947–1948, the crop year here in issue, the Secretary made no payment to appellant for that year. Appellant says the Secretary held a constitutionally inadequate hearing and fixed a confiscatory rate which deprives appellant of property without due process of law.

■■ The Sugar Act expressly subjects allotments of marketing quotas to judicial review. 61 Stat. 926, 927, § 205 (b–e), 7 U.S.C.A. § 1115(b–e); Secretary of Agriculture v. Central Roig Refining Co., 338 U.S. 604, 609–610, 70 S. Ct. 403, 94 L.Ed. 381. But the Act provides for no review of the sort of action involved in this case. This contrast goes far to show that Congress did not intend this sort of action to be reviewable. Section 306 of the Act confirms this conclusion. Section 306 provides that "The facts constituting the basis for any payment, or the amount thereof authorized to be made under this title, officially determined in conformity with rules and regulations prescribed by the Secretary, shall be reviewable only by the Secretary, and his determinations with respect thereto shall be final and conclusive." 61 Stat. 932, 7 U.S.C.A. § 1136. We think this makes it clear that Congress intended to preclude judicial review, not only of the Secretary's finding but of the hearing which led to it.

■■ The Constitution does not require judicial review of either. "When the claims created are against the United States, no remedy through the courts need be provided." Stark v. Wickard, 321 U.S. 288, 306, 64 S.Ct. 559, 569, 88 L.Ed. 733. It follows that no remedy

through the courts need be provided to determine whether claims against the United States have been created. An administrative rejection of an alleged claim against the United States is conclusive when Congress has chosen to make it conclusive. United States v. Babcock, 250 U.S. 328, 39 S.Ct. 464, 63 L.Ed. 1011.

The District Court dismissed the complaint for failure to state a claim upon which relief might be granted. We think the complaint should have been dismissed for lack of jurisdiction.

Judgment vacated.