R. G. HOLDEN and W. E. Conner, Trustee, G. D. Clements Estate, Appellants,

v.

UNITED STATES of America, Appellee.

No. 16693.

United States Court of Appeals Eighth Circuit.

Jan. 23, 1962.

Fred M. Pickens, Jr., Newport, Ark., made argument for the appellant and Wayne Boyce, Newport, Ark., was with him on the brief.

John C. Eldridge, Atty., Civil Division, Dept. of Justice, Washington, D. C., made argument for the appellee and William H. Orrick, Jr., Asst. Atty. Gen., Washington, D. C., Osro Cobb, U. S. Atty., Little Rock, Ark., and Alan S. Rosenthal, Atty., Dept. of Justice, Washington, D. C., were with him on the brief.

Before SANBORN and VAN OOSTERHOUT, Circuit Judges, and GRAVEN, District Judge.

PER CURIAM.

The appellants are Arkansas farmers who entered into conservation reserve contracts with the Secretary of Agriculture under the provisions of the Soil Bank Act, 7 U.S.C. § 1801 et seq., for the period 1957 through 1961. They have appealed from an order of the District Court entered October 19, 1960, dismissing, for want of jurisdiction, their amended complaints in actions which they brought to obtain judicial review of determinations made by the Agricultural Stabilization and Conservation Committee of the State of Arkansas that both of them had violated their contracts by misuse of purchase orders issued for conservation materials or services, and by filing claims for payments to which they were not entitled. The State Committee did not determine that the violations were such as would warrant the termination of the contracts of the appellants or would or could deprive them of all benefits under their contracts.

Judge Henley, who heard and decided this case, has covered all relevant aspects of it in his opinion in 187 F.Supp. 790, and has said all that needs saying. We shall not repeat or rephrase his language. He reached the conclusion that the determinations of the State Committee challenged by the appellants are not judicially reviewable under 7 U.S.C. § 1831(d). This Court, in United States v. Maxwell, 8 Cir., 278 F.2d 206, 208, said:

"Section 1831(d) by its terms applicable to C. R. contracts and by 1821(a) (i) made applicable to A. R. contracts, provides in part:

" 'A contract shall not be terminated under paragraph (6) of subsection (a) of this section unless the nature of the violation is such as to defeat or substantially impair the purposes of the contract.'

"The statute then makes provision for administrative hearings before county and state committees upon the issue of whether there has been a violation which would warrant termination of a contract. If the State Committee finds a violation which warrants the termination, the producer is given a right to a judicial review of such termination. * * * "

We are in accord with the views expressed by Judge Henley and the conclusion reached by him.

The order appealed from is affirmed.