John GREGORY, Appellant,

v.

Orville FREEMAN, Secretary of the United States Department of Agriculture, Respondent.

Civ. A. No. 10243.

United States District Court
N. D. New York.

Oct. 3, 1966.

Bond, Schoeneck & King, Syracuse, N. Y., for appellant.

Justin J. Mahoney, U. S. Atty., Albany, N. Y., James P. Shanahan, Asst.

U. S. Atty., Syracuse, N. Y., of counsel, for respondent.

EDMUND PORT, Judge.

Memorandum-Decision and Order

## THE MOTION

The respondent has moved to dismiss this action because: (1) the petitioner has failed to allege the grounds on which the court's jurisdiction depends; (2) it appears upon the face of the complaint that the court lacks jurisdiction of the subject matter; and (3) the complaint fails to join the United States of America and members of the New York State Agricultural Stabilization and Conservation Committee as indispensable parties.

## THE COMPLAINT

The complaint herein seeks an order annulling a determination of the Cayuga County Committee under the 1963 Feed Grain Program. See 16 U.S.C.A. § 590p (g). The subject determination withheld payment of the final installment alleged to be due under the program and directed that a payment already made to the petitioner be returned with interest. Petitioner also seeks an order that the respondent be directed to make the final payment and that respondent be enjoined from enforcing that part of the committee's order directing the return of the initial payment.

Attached to the petition and made a part of it are copies of affidavits executed by the petitioner in connection with his appeal to the New York State Committee from the order of the Cayuga County Committee.

The following can be gleaned from the petition and supporting documents. Petitioner at a hearing before the Cayuga County Committee, while acknowledging that he was not in compliance with the provisions of the program, contended that the committee, pursuant to the discretion afforded by 7 U.S.C. § 1339a (as in effect in 1963), should treat him as being in compliance because in signing up for the program he was misled by an employee in the Cayuga County office and

also by the brochure distributed in connection with the 1963 program. The county committee denied the relief sought, refused to make any further payment under the program to petitioner, and demanded that the advance payment received by him be returned with interest.

Pursuant to the review provisions of the applicable regulations the decision was appealed to the state committee; the committee affirmed the decision and subsequently adhered to its affirmance upon a rehearing.

There is no allegation in petitioner's complaint that he is entitled to benefits because he complied with the conditions of the 1963 Feed Grain Program; he seeks to recover benefits on equitable grounds.

He alleges that there was not substantial evidence before the county and state committees to support this denial of his claim since he introduced evidence that he was misled by the Department in signing up for the program, and no contraverting evidence was offered by the Department of Agriculture. The complaint clearly supports a factual finding of petitioner's non-compliance; it is directed, in essence, to a failure by the committee to take discretionary action in petitioner's behalf, and is an appeal for the court to take such action.

## THE PROGRAM

The Food and Agriculture Act of 1962 § 302, 76 Stat. 613, 16 U.S.C. § 590p(g), provided that the Secretary of Agriculture "shall formulate and carry out a special agricultural conservation program for 1963 * * * under which, subject to such terms and conditions as the Secretary determines, conservation payments * * * shall be made to producers who divert acreage from the production of corn, grain sorghums, and barley to an approved conservation use . . . ." The diversion was to be from a base acreage allotment, determined under the Act and regulations, for each participant's farm. A producer or farmer participated in the program by executing a

form known as "ASCS–477, Intention to Participate and Application for Payment," (hereinafter Form 477), in which he specified the number of acres of his base acreage allotment which he intended to divert to conservation purposes. In order to be eligible for payments under the 1963 Feed Grain Program, the farmer was obliged to actually divert the number of acres specified in Form 477. 7 C.F.R. § 775.201(b). This provision was a change from previous years when the farmer was paid pro rata in the event he chose to divert less land than he stated he intended to divert in his enrollment form.

The petitioner herein, pursuant to the regulations, executed and filed Form 477 with the County Committee of Cayuga County. This could be filed between February 1, 1963, and March 22, 1963. During that period only, the petitioner had the right, under the regulations, to decrease the number of acres to be taken out of production, and file a new Form 477. 7 C.F.R. § 775.206. The regulations provided for payments in two installments: an advance payment upon the execution of Part IV, Form 477 (7 C.F.R. § 775.218), and a final payment upon the certification by the farmer that the farm was in compliance with the requirements of the program and a determination by the county committee that the farmer and the farm were in compliance (7 C.F.R. § 775.720).

A producer could request reconsideration of any determination made by a county committee concerning a question of fact. The determination of the county committee upon reconsideration could be appealed to the state committee. Reconsideration could also be requested of any state committee determination concerning a question of fact. The determination of the state committee was final with certain exceptions not pertinent here. 7 C.F.R. § 775.216. The Act provided that an administrative determination "in conformity with the applicable regulations prescribed by the Secretary * * * shall be final and conclusive and shall not be reviewable by any

other officer or agency of the Government." 7 U.S.C. § 1385 (as in effect in 1963).

The Food and Agriculture Act of 1962, supra § 326, 76 Stat. 631, 7 U.S.C. § 1339a, also provided that the Secretary might accept, as meeting the requirements of 16 U.S.C. § 590p(g), a producer's performance "rendered in good faith in reliance upon action or advice of any authorized representative of the Secretary"; "to the extent the Secretary deems it desirable in order to provide fair and equitable treatment," payment could be made in accordance with that advice. This statutory discretion was delegated to the Deputy Administrator. 7 C.F.R. § 775.225.[1]

## CONTENTIONS

Petitioner's contentions as indicated under "The Complaint" are based upon the claim that the action of the committees was arbitrary, capricious, and not supported by substantial evidence because they ignored petitioner's uncontradicted allegations before them that his non-compliance resulted from misleading information given him by a county committee employee and by the brochures issued by the Department of Agriculture in connection with the 1963 Feed Grain Program. (The brochure was made a part (exhibit C) of the affidavit submitted to the state committee and attached to and made a part of appellant's complaint. In explaining the program under the heading "What do you do?" the brochure stated "carry out your intentions." Petitioner admitted in the above mentioned affidavit that the requirements of the program with which he failed to comply were embodied in Form 477 when he signed it.)

The complaint does not allege, though the appellant's briefs argue, that the county committee acted in ignorance of the discretion afforded by section 1339a, supra, which permitted the acceptance of "performance rendered in good faith" in reliance upon action or advice of an authorized representative of the Secretary "as meeting the requirements of * * * section 590p of Title 16 * * *" and further provided that "payment may be made therefor in accordance with such action or advice to the extent the Secretary deems it desirable in order to provide fair and equitable treatment."

The briefs, but not the complaint, allege that members of the county committee stated that if they had any discretion they would grant petitioner relief.

The court's jurisdiction, the petitioner argues, is derived from the Administrative Procedure Act, 60 Stat. 237 (1946), 5 U.S.C. § 1001 et seq. (1952); he specifically finds the right to judicial review in 5 U.S.C. § 1009 which grants it "[e]xcept so far as (1) statutes preclude judicial review or (2) agency action is by law committed to agency discretion. * * *"

 7 U.S.C. § 1385 and 7 C.F.R. § 775.216 attach finality to the findings of the state committee on questions of fact. Congress, if it so chooses, may make the administrative rejection of a claim final and conclusive. United States v. Babcock, 250 U.S. 328, 39 S.Ct. 464, 63 L.Ed. 1011 (1919); see Mario Mercado e Hijos v. Benson, 97 U.S.App.D.C. 298, 231 F.2d 251 (D.C.Cir.1956), for a finding that the court did not have jurisdiction under circumstances similar to those in the present case. Congress likewise may provide for judicial review of agency determinations. See 7 U.S.C. §§ 1365–66. If an agency determination is made final and conclusive by Congress, as it was here, the district court is without jurisdiction to review such action.

1. § 775.225. Performance based upon advice or action of county or State committee.

Notwithstanding any other provision hereof, performance rendered in good faith in reliance upon action or advice of any authorized representative of a county committee or State committee may be accepted by the Deputy Administrator as meeting the requirements of these regulations and payment may be made therefor in accordance with such action or advice to the extent the Deputy Administrator deems it desirable in order to provide fair and equitable treatment.

■ The petitioner's complaint is barren of any factual allegations indicating that the state committee erred in affirming the county committee's determination that petitioner was ineligible to receive an advance payment by reason of his failure to actually divert acreage in accordance with his statement in Form 477. Finding him ineligible, the county committee and state committee acted in compliance with the regulations in requiring a repayment of the advance with interest. See 7 C.F.R. § 775.218(c).[2] Their decision was proper.

The petitioner argues that the court has jurisdiction to review the administrative determination because the decision of the county committee was "grossly erroneous" inasmuch as they were "unaware of the discretionary powers they possessed," and because the decision of the state committee was "arbitrary, capricious and so grossly erroneous as to imply bad faith." In support of this position he cites Freeman v. Brown, 342 F.2d 205 (5th Cir. 1965) and Corpstein v. United States, 262 F.2d 200 (10th Cir. 1958), cert. denied, 359 U.S. 966, 79 S.Ct. 877, 3 L.Ed.2d 834 (1959). These cases are inapposite. They both deal with judicial review pursuant to express statutory authority.

■■ Even if the court were to ignore the sections attaching finality to the administrative determination, and review the administrative action, the complaint does not allege facts sufficient to afford the petitioner relief. Assuming arguendo that the county committee could have exercised discretion and was unaware of such authority, the state committee determination would still be valid. There is no claim that it was in ignorance of the discretionary provisions of the law and regulations. The state committee, assuming that it had discretionary authority, could not be said to be acting in bad faith by not exercising such discretion in the light of the allegations in the complaint. In any event, it would seem that any petition for discretionary relief should be addressed to the Deputy Administrator. 7 C.F.R. § 775.225.

■ Finally, petitioner cites the Wunderlich Act, 68 Stat. 81 (1954), 41 U.S.C. §§ 321–22 as indicative of congressional intent to permit judicial review of administrative procedure. No extended discussion is necessary with reference to this contention. That Act deals with the dispute clause in government contracts and is clearly not applicable here. See Legislative History, 1954 U.S. Code Congressional and Administrative News, p. 2191.

The foregoing discussion indicates that this court has no jurisdiction under the statute to review the administrative determination which is the subject of this action.

■ In addition, the Secretary correctly views the action as a suit against the United States, without its consent, insofar as it seeks to compel him to make a further payment or to enjoin him from recovering the initial payment. "The general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." State of Hawaii v. Gordon, 373 U.S. 57, 58, 83 S.Ct. 1052, 1053, 10 L.Ed.2d 191 (1963); see also Rose v. McNamara, 225 F.Supp. 891 (E.D.Pa.1963), aff'd, 339 F.2d 259 (3d Cir. 1964).

### DISPOSITION

Defendant's motion to dismiss the action because the petitioner has failed to allege the grounds upon which the court's jurisdiction depends is sound. Nowhere in the complaint have such allegations been made. The complaint is violative of Rule 8(a) (1), Fed.R.Civ.P.

Ordinarily, relief would be granted to amend the complaint to comply with the rule. However, since I have concluded that the court lacks jurisdiction of the

---

2. § 775.218(c)

* * * if he is ineligible for payment under the program for any reason he shall refund the entire advance payment with interest at the rate of 6 percent per annum from the issue date of the payment to the date it is refunded.

subject matter, no purpose would be served by an amendment.

It is not necessary to treat with the third ground of respondent's motion.

For the reasons stated herein, it is

Ordered that the complaint herein be and the same hereby is dismissed for lack of jurisdiction of the subject matter.