**UNITED STATES of America, Plaintiff,**

v.

**Nellie MOORE, Defendant.**

**Civ. A. No. 3364.**

United States District Court
S. D. Ohio, W. D.
March 7, 1969.

Robert M. Draper, U. S. Atty., Roger Makley, Asst. U. S. Atty., for plaintiff.

Ronald J. Logan, Dayton, Ohio, for defendant.

## ORDER

WEINMAN, Chief Judge.

This cause came on to be considered upon the motion of the plaintiff, the United States of America, for summary judgment against the defendant, Nellie Moore, on the ground that there is no genuine issue as to any material fact and plaintiff is entitled to judgment as a matter of law.

This is a civil action brought by the United States to recover from defendant, Nellie Moore, $339.16 an advanced 1963 feed grain program payment made to her by authority Subtitle A of Title III of the Food and Agricultural Act of 1962, 76 Stat. 612, 7 U.S.C. § 1441 note, 16 U.S.C. § 590g on the ground that the defendant failed to comply with the program by growing an excess acreage of field corn.

The Court, having carefully considered the memorandum of law, admissions of fact and affidavits presented before the Court, finds that plaintiff's motion is well taken and should be sustained.

The defendant admits that on March 22, 1963, she signed a Form ASCS 477, "Intention to Participate and Application for Payment", with respect to her farm in Greene County, Ohio, to divert 20 acres from the production of corn to an approved conservation use, to devote no more than 30 acres to field grains, and comply with the provisions of the program, and that thereafter, on the 5th day of April, 1963, plaintiff made an advanced 1963 feed grain payment to defendant in the sum of $339.16.

The record before the Court establishes that the Greene County, Ohio ASC Committee determined that the defendant was not entitled to the 1963 feed grain program payment that she had received, and that she was not entitled to final payment because she had not diverted 20 acres from the production of corn in 1963 to an approved conservation use. Notices were mailed to the defendant informing her of the determination by the Greene County, Ohio ASC Committee.

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, the defendant has admitted that she appealed this determination of the Greene County ASC Committee to the Ohio State ASC Committee. On February 11, 1964, defendant appeared in person at the hearing of her appeal before the State Committee. In a letter dated February 13, 1964, the Ohio ASC State Executive Director for the State Committee informed the defendant that the State Committee had affirmed the determination of the Greene County ASC Committee.

■■ Under § 1385 of Title 7 U.S.C. and 7 C.F.R. 775.216(a), the determination of the State ASC Committee that she had harvested corn in excess of the permitted acreage is final and conclusive. Under the regulations of the Department of Agriculture (7 C.F.R. 775.220(b) and 218(c)) a participant in the Federal feed grain program who does not comply with the program is required to refund any payment made under the program with interest at the rate of 6% per annum from the date of the payment. Since the defendant harvested corn in excess of the permitted acreage, the defendant must refund the advance payment made by the Department of Agriculture. Furthermore, since the defendant did not comply with the program provisions required by the statute, the payment made to her is without authority of law. See United States v. Zenith-Godley Company, D.C., 180 F.Supp. 611, affirmed 295 F.2d 634 (C.A.2 1961).

■ The defendant has filed a cross-complaint against the United States of America seeking to recover the sum of $695.57, the unpaid balance of the total program payment of $1034.73. If the defendant had complied with the program provisions and had grown only 30 acres of corn on her farm, she would have been entitled to the total program payment of $1034.73. The Greene County ASC Committee determined that the defendant had grown 44.4 acres of corn which was acreage substantially in excess of the 30 acres permitted under the program. This determination was affirmed by the State ASC Committee whose determination is final and conclusive, 7 U.S.C. § 1385. Since the defendant did not comply with the program, she is not entitled to a total program payment of $1034.73.

In accordance with the foregoing, the defendant's cross-complaint is hereby dismissed. The motion for summary judgment is well taken and should be and hereby is sustained, and summary judgment is granted in favor of the plaintiff and against the defendant in the amount of $339.16 together with interest thereon at the rate of 6% per annum from April 5, 1963 and the costs of this action.