UNITED STATES of America,
Plaintiff,

v.

John GOMES, Defendant.

Civ. No. S-270.

United States District Court,
E. D. California.

Feb. 17, 1971.

Asst. U. S. Atty. Richard W. Nichols, Sacramento, Cal., for plaintiff.

Irving M. Corren, Stockton, Cal., for defendant.

## MEMORANDUM AND ORDER

WILKINS, District Judge.

This is an action by the government to recover certain payments made to a farmer under the Feed Grain Program. The payments were made on the basis of alleged reductions in planting of certain crops. The basic claim of the government is that the defendant fraudulently claimed to have planted more acres in grain than he actually planted in the base years, which determine the size of payments. Administrative proceedings against defendant so found.

Now the government has moved for summary judgment on Count III of the complaint. The basis for this motion is the government's theory that administrative determinations made under the Feed Grain Programs are final and conclusive and not subject to review. This theory is based on the fact that the Soil Conservation and Domestic Allotment Act, which authorized the Program, contains no provisions for judicial review. It is also based on the provisions of Section 385 of the Agricultural Adjustment Act (hereinafter, the AAA), which in pertinent part provides as follows:

> The facts constituting the basis for any payment under the Soil Conservation Act, * * * when officially determined in conformity with the applicable regulations prescribed by the Secretary or by the Commodity Credit Corporation, shall be final and conclusive and shall not be reviewable by any other officer or agency of the Government. 7 U.S.C. Sec. 1385.

This statute and similar statutes have been interpreted on several occasions as a bar to judicial review of administrative determinations of fact.

Section 385 was analyzed as follows in Aycock-Lindsey Corp. v. United States, 171 F.2d 518, 522 (5th Cir. 1948):

> We do not interpret the Act as preventing, or undertaking to prevent, a review by the courts of the legal questions involved, but only to preclude a review of the facts constituting the basis for payment.

Gregory v. Freeman, 261 F.Supp. 362 (N.D.N.Y.1966) was a case directly concerned with AAA Sec. 385 (7 U.S.C. Sec. 1385). This case was an action in which plaintiff sought an order annulling a determination of the county committee under the 1963 Feed Grain Program. The determination withheld payment of the final installment alleged to be due under the program and directed that a payment already made be returned with interest. The court concluded that it lacked jurisdiction over the matter. It declared:

7 U.S.C. § 1385 and 7 C.F.R. Sec. 775.216 attach finality to the findings of the state committee on questions of fact. Congress, if it so chooses, may make the administrative rejection of a claim final and conclusive * * * If an agency determination is made final and conclusive by Congress, as it was here, the district court is without jurisdiction to review such action.

United States v. Moore, 298 F.Supp. 199 (S.D.Ohio 1969), was a case very similar to the instant case. It was an action by the United States to recover payments made to the defendant, under the Feed Grain Program. Defendant was accused of exceeding her allotted acreage. The district court granted the motion by the United States for summary judgment on the grounds that the determination of the state agricultural stabilization committee was final and conclusive under AAA Sec. 385 (7 U.S.C. § 1385), and ordered the defendant to return all moneys paid to her.

The case of Mario Mercado E. Hijos v. Benson, 97 U.S.App.D.C. 298, 231 F. 2d 251 (1956) was concerned with Section 306 of the Sugar Act. This section provided that "the facts constituting the basis for any payment, or the amount thereof authorized to be made under this title, officially determined in conformity with rules and regulations prescribed by the Secretary, and his determinations with respect thereto shall be final and conclusive." The court said of this statute: "We think this makes it clear that Congress intended to preclude judicial review not only of the Secretary's finding but of the hearing which led to it."

In Elliott v. United States, 179 F. Supp. 758 (D.Neb.1959), the court was concerned with a provision of the Soil Bank Act found at 7 U.S.C. Sec. 1831(d), which stated that "the determination of the State committee made in accordance with regulations of the Secretary shall be final and conclusive." The court declared that "In the absence of a complete disregard or unjustifiable interpretation of the facts and the procedural and substantive regulations of the Secretary, which is not present here,

this court will follow the statutory mandate of Congress and refuse to review either the fact constituting the basis for payment or the amount thereof authorized under the Soil Bank Act." *Accord*, Holden v. United States, 297 F.2d 831 (1962).

■ It is the court's conclusion that the weight of authority requires the view that the official determinations of program administrators are final and conclusive, and not reviewable by the court. Defendant has not cited any authorities to compel me to the opposite view.

■■ Defendant raises several other points in opposition to the government's motion, which can be dealt with in summary fashion. Defendant objects that no showing has been made that the administrative determination of fact was made in conformity with applicable regulations. This can be dealt with by noting that defendant does not directly challenge the conformity with the regulations, and that there is a presumption of regularity in administrative processes which normally attaches.

■■ Defendant next notes that this suit is one to recover payments already made and that the statute is therefore not applicable. The court evidently thought otherwise in United States v. Moore, *supra*, and defendant cites no authority for his position. This court also finds the defendant's arguments on waiver and due process without substantial content and lacking in any basis in case authority. Defendant's final argument, that summary judgment is inappropriate because certain factual or legal matters are still in dispute, is likewise without merit. Summary judgment is appropriate when no *material facts* are in issue. In this case the matters cited in defendant's memorandum, at pp. 11–12 are either immaterial facts, questions of law, or facts already determined by the administrative process and barred from judicial review.

It is therefore ordered that plaintiff's motion for summary judgment be, and the same is, hereby granted.