**KERR CENTER PARENTS ASSOCIATION; Jasen Richardson, by and through his parent Candace Richardson; Matthew Hasek, by and through his legal guardian Barbara Hasek; Joseph Barrett, by and through his parent Robert Barrett, Plaintiffs;**

v.

**Donald CHARLES; Karen Roach; Verne Duncan; the Lake Oswego School District; the Children's Services Division; and the Oregon Department of Education, Defendants.**

**Donald CHARLES, the Lake Oswego School District, and Nancy G. Klinger, Third Party Plaintiffs,**

v.

**CENTENNIAL # 28J, Portland # 1J, Beaverton # 48J, Bend # 31, Springfield # 19, Eugene # 4J, Pine Eagle # 61, Canby # 86C, Greater Albany # 8J, Missoula County High School, Karen Roach, the Children's Services Division, Verne Duncan, Oregon Department of Education, Leo T. Hegstrom, and the Department of Human Resources, Third Party Defendants.**

Civ. No. 82–1123FR.

United States District Court,
D. Oregon.

Dec. 21, 1983.

Stephen Brischetto, Oregon Developmental Disabilities Advocacy Center, Portland, Or., for plaintiffs.

Chris Mullmann, James L. Dumas, Ragen, Roberts, O'Scannlain, Robertson & Neill, Portland, Or., for Lake Oswego School Dist.

Dave Frohnmayer, Atty. Gen., Robert W. Muir, Asst. Atty. Gen., Dept. of Justice, Salem, Or., for Children's Services Div. and Dept. of Educ.

Graham Hicks, Miller, Nash, Yerke, Wiener & Hager, Portland, Or., for Portland No. 1J and Beaverton No. 48J.

Robert Dressler, Portland, Or., for Centennial School Dist. No. 28J.

FRYE, Judge:

On September 6, 1983, this court entered an Opinion and Order declaring that:

1. State defendants and in particular the Oregon Department of Education are in violation of 20 U.S.C. § 1401, et seq. for failure to insure that these plaintiffs will receive free appropriate public educations.

2. Defendant Lake Oswego School District is not in violation of 20 U.S.C. § 1401, et seq. because it has no legal responsibility under Oregon law to provide these plaintiffs with free appropriate public educations as required by 20 U.S.C. § 1401.

3. Defendants resident school districts are not in violation of 20 U.S.C. § 1401, et seq. because resident school districts have no legal responsibility under Oregon law to provide these plaintiffs with free appropriate public educations as required by 20 U.S.C. § 1401. 572 F.Supp. 448.

It also stated in that Opinion and Order:

In deference to the Oregon legislature, which has the responsibility and the expertise to resolve this problem, this court declines at this time to consider the remedy of injunctive relief. However, the temporary injunction entered herein *pursuant to the consent of all of the parties* shall remain in force and in effect for a period of 90 days. During that time the parties shall meet and attempt to agree upon a plan which will resolve this dispute. This court shall assist in any way possible. At the end of 90 days, if this matter has not been resolved, the court shall hold a status conference and determine what steps and procedures shall be taken thereafter.

Pursuant to that Opinion and Order a status conference was held at the end of the 90 day period. Counsel for all of the parties advised the court that no plan to resolve the dispute had been developed. Counsel then requested the court to ad-

dress the eleventh amendment issue and thereafter to resolve the dispute judicially.

## ELEVENTH AMENDMENT ISSUE

Plaintiffs have named as defendants (1) Karen Roach, Administrator of the Childrens Services Division of the State of Oregon; (2) Verne Duncan, Superintendent of Public Instruction for the State of Oregon; and (3) the Oregon Department of Education. This action is, however, a suit against the State of Oregon. There is no challenge to Roach or Duncan except in their official capacities. Furthermore, neither Roach nor Duncan, even in their official capacities, nor the Oregon Department of Education can provide funds for the education of handicapped children without legislative appropriations.

■ As such, defendants contend this suit is barred by the Eleventh Amendment to the United States Constitution. Defendants rely primarily upon *Cory v. White*, 457 U.S. 85, 102 S.Ct. 2325, 72 L.Ed.2d 694 (1983); *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978); and *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). This court, however, finds that the EAHCA was enacted pursuant to section 5 of the fourteenth amendment and thus constitutes a congressional abrogation of Oregon's immunity to suit under the eleventh amendment. *See Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976); *Parks v. Pavkovic*, 557 F.Supp. 1280 (N.D.Ill.1983).

■ In light of the court's ruling that the eleventh amendment does not bar this suit against defendants Roach, Duncan, and the Oregon Department of Education, and in light of the court's ruling in its Opinion and Order of September 6, 1983 that these defendants are in violation of 20 U.S.C. § 1401, the court is prepared to grant plaintiffs' motion for summary judgment against these defendants and to grant to plaintiffs injunctive relief against them. It is the court's opinion and ruling that the State of Oregon's receipt of federal funds for assistance in educating these plaintiffs requires the State of Oregon to comply with its part of the bargain—namely, to provide sufficient funds to cover the full cost of their educations. Budgetary constraints do not excuse the State of Oregon from the obligations arising from the acceptance of federal funds.

In other words, the Oregon Legislature cannot refuse or neglect to enact a legislative scheme—in whatever manner it deems appropriate—to provide funding for the full cost of plaintiffs' educations or, in the alternative, to appropriate sufficient funds from the state treasury to pay for the full cost of plaintiffs' educations.

Counsel for all prevailing parties shall prepare dispositive orders in accordance with the rulings in the Opinion and Order of September 6, 1983 and in accordance with this Supplemental Opinion and Order.