JOHN H., et al.,

v.

Robert BRUNELLE, et al.

No. C83–288–L.

United States District Court,
D. New Hampshire.

March 19, 1986.

Atty. Gens. Office by James E. Townsend, Bruce E. Mohl, Concord, N.H., for Comm'r Brunelle.

Gerald M. Zelin, Soule, Leslie, Bronstein & Zelin, Salem, N.H., for Regional School Dist.

## ORDER ON MOTION FOR RECONSIDERATION

LOUGHLIN, District Judge.

On September 24, 1985 this court granted defendant Brunelle's motion to dismiss all claims against him. Subsequently, both defendant Timberlane Regional School District and plaintiffs filed a motion to vacate and/or reconsider that order.

The claims against Brunelle were dismissed based on eleventh amendment immunity, following a decision by the New Hampshire Supreme Court on questions certified by this court in the present case. *John H. v. Brunelle*, 127 N.H. 40, 500 A.2d 350 (1985).

Relying on a subsequent first circuit case, *David D. v. Dartmouth School Committee*, 775 F.2d 411 (1st Cir.1985), movants claim that the eleventh amendment poses no bar to the present action. In view of the decision in *David D. v. Dartmouth School Committee*, this court now reconsiders its order of September 24, 1985 and issues the following order. To the extent that the order of September 24, 1985 is inconsistent with this order, it is vacated.

The factual background to this action is as follows:

Plaintiffs brought this action against the Timberlane Regional School District, Robert Brunelle, Commissioner of the New Hampshire Department of Education, and the state of New Hampshire, for monetary, declaratory and injunctive relief under 42 U.S.C. § 1983. Plaintiffs claim that defendants are responsible for providing a free appropriate public education for all handicapped children within the state, and that defendants have failed to reimburse the parents for the costs of such education

Anthony A. McManus, Burns, Bryant, Hinchey, Cox & Shea, Dover, N.H., for plaintiffs.

for their handicapped child. Plaintiffs claim that defendants violated the Education for All Handicapped Children Act (EAHCA), 20 U.S.C. § 1401 *et seq.;* Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 and N.H. RSA ch. 186–C (formerly 186–A).

Plaintiffs seek declaratory relief against the School District and the New Hampshire Department of Education, injunctive relief against the "defendant members" of the Department of Education and the Timberlane School District and monetary damages against the School District and the State Department of Education.

Defendant Timberlane Regional School District has filed a cross claim against Commissioner Brunelle and the State Department of Education for indemnification of costs if the school district is found liable.

The motion under consideration in the September 14th order was a motion to dismiss plaintiffs' claims filed by defendant Brunelle and based on eleventh amendment immunity. The court also considered defendant Brunelle's motion to dismiss the cross claim of defendant Timberlane Regional School District, such motion being based on eleventh amendment immunity, sovereign immunity, failure to state a claim upon which relief may be granted and failure to file a timely cross claim.

■■■ The eleventh amendment to the United States Constitution bars suits against an unconsenting State brought by her own citizens. *Edelman v. Jordan,* 415 U.S. 651, 662–63, 94 S.Ct. 1347, 1355–56, 39 L.Ed.2d 662, *reh'g denied,* 416 U.S. 1000, 94 S.Ct. 2414, 40 L.Ed.2d 777 (1974). Where an individual is named, the eleventh amendment will apply where the state is the real party in interest, *Pennhurst State School v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984) (citations omitted); *Edelman,* 415 U.S. at 663, 94 S.Ct. at 1355–56. "[R]elief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." *Hawaii v. Gordon,* 373 U.S. 57, 58, 83 S.Ct. 1052, 1053, 10 L.Ed.2d 191 (1963). This is especially true

where the action is essentially one for a monetary award which would come from the state coffers. *Edelman,* 415 U.S. at 663, 94 S.Ct. at 1355–56. Further, the eleventh amendment bar would apply "regardless of whether the suit seeks damages or injunctive relief." *Pennhurst,* 104 S.Ct. at 909 (citing *Cory v. White,* 457 U.S. 85, 91, 102 S.Ct. 2325, 2329, 72 L.Ed.2d 694 (1982)). Finally, even an action brought under 42 U.S.C. § 1983 is subject to the application of the eleventh amendment. *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979).

■■■ Whether the eleventh amendment applies is a matter of federal law. *Long v. Richardson,* 525 F.2d 74, 79 (6th Cir.1975); *Marrapese v. Rhode Island,* 500 F.Supp. 1207, 1213 n. 13 (D.R.I.1980). Under some laws, however, Congress may express an intent to waive the state's constitutional immunity. In *David D. v. Dartmouth School Committee,* the first circuit found that Congress overrode states' sovereign immunity in enacting the EAHCA. *Id.* at 421. The Act itself expressly states that its purpose is to assist states to provide education for handicapped children "in order to assure equal protection of the law." 20 U.S.C. § 1400(b)(9) (1982). The eleventh amendment is limited by the enforcement provisions of § 5 of the fourteenth amendment which granted Congress the power "to enforce, by appropriate legislation, the substantive provisions of the Fourteenth Amendment." *Fitzpatrick v. Bitzer,* 427 U.S. 445, 456, 96 S.Ct. 2666, 2671, 49 L.Ed.2d 614 (1976) *cited in Atascadero State Hospital v. Scanlon,* —— U.S. ——, 105 S.Ct. 3142, 3145, 87 L.Ed.2d 171 (1985). Thus, the first circuit found that "Congress effectively subjected the states to suit in federal court under the [EAHCA]." *David D.,* 775 F.2d at 421.

In *Smith v. Robinson,* 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984), the Supreme Court discussed the EAHCA as being enacted to implement the equal protection clause of the fourteenth amendment. *Id.,* 104 S.Ct. at 3468–69. Lower court cases have followed this reasoning. *Parks*

*v. Pavkovic,* 753 F.2d 1397, 1407 (7th Cir. 1985); *Kerr Center Parents Ass'n v. Charles,* 581 F.Supp. 166, 168 (D.Or.1983).

■ Thus, it appears clear that the State may be sued in federal court under the EAHCA. The question remains, however, whether the state law claims of plaintiffs may be maintained in federal court.

The purpose of the EAHCA is

to assure that all handicapped children have available to them ... a free appropriate public education which emphasizes special education and related services, to assure that the rights of handicapped children and their parents or guardians are protected, to assist states and localities to provide for the education of all handicapped children, and to assess and assure the effectiveness of efforts to educate handicapped children.

20 U.S.C. § 1400(c) (1982). In order to receive federal funding under the Act a State must effectuate "a policy that assures all handicapped children the right to a free appropriate public education." 20 U.S.C. § 1412(1) (1982). The State must also adopt procedures to implement the requirements of the Act. *See* 20 U.S.C. §§ 1412 and 1413 (1982) (as amended December 2, 1983). In response to the federal mandate of the EAHCA, the State of New Hampshire enacted N.H. RSA ch. 186–C (Supp.1984) (formerly RSA ch. 186–A).

In *Town of Burlington v. Department of Education of Massachusetts,* 736 F.2d 773 (1st Cir.1984) (*Burlington II*), aff'd sub nom *Burlington School Committee v. Dept. of Education,* —— U.S. ——, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985), the first circuit determined that the EAHCA "incorporates by reference state standards, be they substantive or procedural, that exceed the federal basic floor of meaningful, beneficial educational opportunity." *Id.* at 789. Where the state standards provide more protection than the federal Act, "the state standard will operate to determine what an appropriate education requires for a particular child in a given state." *Id.* Thus, the EAHCA and the state statutes promul-

gated thereunder are inextricably intertwined.

The first circuit reaffirmed this in *David D. v. Dartmouth School Committee.* "Thus we reaffirm our *Burlington II* holding that the federal Act incorporates relevant state substantive law and enforces that law as part of the federal right to a free appropriate public education." 775 F.2d at 420 (citing *Burlington II,* 736 F.2d at 789).

The court made it clear that the eleventh amendment did not protect the state from suit in federal court where it was brought under the EAHCA. 775 F.2d at 422.

Obviously, since the state is responsible for guaranteeing that a child will receive both the substantive and procedural rights set forth in the Act, Congress intended that the State should be named as an opposing party, if not the sole party, to the proceeding.

*Id.*

The court in *David D.* found that the holding of *Burlington II* withstood the eleventh amendment challenge presented in *David D.* "even under the more rigorous rules of *Atascadero State Hospital v. Scanlon,* ... where the court required that 'Congress must express its intention to abrogate the Eleventh Amendment in unmistakable language in the statute itself.'" *David D.,* 775 F.2d at 417 (citing *Atascadero,* 105 S.Ct. at 3148). The Court in *Atascadero* had previously held that the state had not waived eleventh amendment immunity under § 504 of the Rehabilitation Act by receiving federal funds. 105 S.Ct. at 3149. *David D.,* as well as the case presently under consideration by this court deals with the EAHCA.

The court in *David D.* reasoned that a state must enact policies and procedures consistent with the EAHCA, in order to guarantee a free appropriate public education to handicapped children. 775 F.2d at 411; *see also* 20 U.S.C. §§ 1412(2) and 1413(a)(1). The Act allows parents and children to bring a complaint "with respect to any matter related to the identification, evaluation or educational placement of the

child, or the provision of a free appropriate public education to such child." 20 U.S.C. 1415(b)(1)(E) (1982). Thus, the first circuit found that the State was a proper party in federal court under the EAHCA. 775 F.2d at 411. The court correctly recognized that the EAHCA is directed only to states and their political subdivisions. *Id.* at 422; *see also* 20 U.S.C. §§ 1412 and 1413.

Regardless of whether the state statute provides more protection than the Act, a determination of whether the EAHCA has been violated, must necessarily involve an inquiry regarding the state statutes promulgated in response to the federal mandate. A court cannot discuss the EAHCA in a vacuum but must look to the state statutes as an integral part of its inquiry.

In 1985 the Supreme Court held that pendant jurisdiction of state law claims could not override the eleventh amendment. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 919, 79 L.Ed.2d 67 (1984) (Pennhurst II). *Pennhurst II* was a case brought under § 504 of the Rehabilitation Act, 29 U.S.C. § 794; Developmentally Disabled Assistance Bill of Rights Act, 42 U.S.C. § 6001 *et seq.*, with pendant claims under the Pennsylvania Mental Health and Mental Retardation Act.

The Court held that

a claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment.... [T]his principle applies as well to state law claims brought into federal court under pendant jurisdiction.

*Pennhurst II*, 104 S.Ct. at 919.

Defendant bases much of his argument for dismissal on the decision in *Pennhurst II*. Decisions of the first circuit, however, do not support defendant Brunelle's motion to dismiss.

The court in *David D.* distinguished that case from *Pennhurst II* as *David D.* did not involve a pendant state claim but rather relief was sought and awarded on the basis of the EAHCA. 775 F.2d at 422. Similarly, *Pennhurst II,* is not applicable to

the case before this court. The present case does not involve *pendant* state law claims. In fact, plaintiffs' complaint alleges no counts specifically based on the New Hampshire statutes at issue, N.H. RSA ch. 186–C (formerly ch. 186–A). Plaintiffs are alleging both substantive and procedural violations. Plaintiffs claim that procedural violations are actionable under 42 U.S.C. § 1983 based on *Smith v. Robinson.* Defendants claim there is no remedy under § 1983 unless irreparable harm is alleged.

In *Smith v. Robinson,* the Supreme Court upheld a first circuit opinion and found that "where the EHA is available to a handicapped child asserting a right to a free appropriate public education, based either on the EHA or on the Equal Protection Clause of the Fourteenth Amendment, the EHA is the exclusive avenue through which the child and his parents or guardian can pursue their claim." *Smith*, 104 S.Ct. at 3470. The Court found that 42 U.S.C. § 1983 was not the proper claim for such violations. *Id.* at 3470. The Court did not bar, however, a § 1983 due process challenge for failing to insure the procedural safeguards of the Act. *Id.* at 3470. It did find that attorneys fees were not available under 42 U.S.C. § 1988 even if a § 1983 claim could be maintained. *Id.* at 3471.

■ Even if damages were recoverable under § 1983 for the alleged due process violations, plaintiffs would only be entitled to nominal damages absent any proof of actual injury. *Carey v. Piphus*, 435 U.S. 247, 248, 254, 98 S.Ct. 1042, 1044, 1047, 55 L.Ed.2d 252 (1978). "[A] plaintiff seeking compensatory damages must prove that if proper procedures had been followed, he would not have suffered injury." *Jaworski v. Rhode Island Board of Regents*, 530 F.Supp. 60, 66 (1981) (citing *Carey*, 435 U.S. at 260, 98 S.Ct. at 1050–51).

Additionally, the Court in *Smith* found that an action under § 504 of the Rehabilitation Act was not available where it was essentially the same claim as that asserted by plaintiff under the EHA. *Id.*, 104 S.Ct. at 3474.

In view of the above, plaintiffs may not maintain an action under § 504 of the Rehabilitation Act, 29 U.S.C. § 794. Plaintiffs may not maintain a claim for attorneys fees and plaintiffs may maintain an action under 42 U.S.C. § 1983 only to the extent that the complaint alleges procedural due process violations and only to the extent of alleged damages based on that deprivation.

Regardless of how the plaintiffs' complaint is characterized, the present action is in essence an action seeking redress for violations of the EAHCA. As stated previously, the deliberations of the court must necessarily include an inquiry into the State statutes promulgated in response to the EAHCA.

Accordingly, defendant Brunelle, will not be dismissed based on eleventh amendment immunity or sovereign immunity. Similarly, defendant Brunelle's motion to dismiss Timberlane's cross-claim is denied. Timberlane's claim against Brunelle is merely one for indemnification. The eleventh amendment is not a bar to Timberlane's action against defendant Brunelle. Further, the school district, Timberlane, and the State of New Hampshire entered into a stipulation whereby the State agreed to reimburse the school district to the extent required under N.H. RSA ch. 186–C even if applied retroactively after the close of the fiscal year in which services were rendered. Further, although not dealt with in the stipulation, N.H. RSA ch. 186–A requires the State to reimburse a school district in certain circumstances. Therefore, there is ample support for Timberlane maintaining a cross-claim against defendant Brunelle.

Defendant Brunelle also claimed that Timberlane's cross-complaint should be dismissed as untimely. Subsequently, Timberlane filed a motion to amend its answer by incorporating into it the cross-claim against Brunelle. That motion was granted rendering Brunelle's motion to dismiss for untimeliness moot.

Accordingly, defendant Brunelle's motion to dismiss based on eleventh amendment immunity is hereby denied.

Similarly, defendant Brunelle's motion to dismiss Timberlane's cross-claim (Doc. # 46) is hereby denied.

Defendant Timberlane Regional School District also filed a motion to dismiss plaintiffs' claim for excess costs for the 1980–81 school year. (Doc. # 71). Plaintiffs and defendant Brunelle object to such motion. Plaintiffs claim that under N.H. RSA ch. 186–A the State Board of Education assumed partial responsibility for funding special education. The initial responsibility, however, was with the local school district and the State would then reimburse under certain circumstances.

RSA § 186–A:8 (Supp.1979) states in part in regard to payment for special education costs for handicapped children that "the school district where such handicapped child resides is hereby authorized and empowered and *shall* appropriate and pay the cost of such education." (emphasis added).

The defendant Timberlane School District correctly points out that the school district's liability is limited to "twice the state average cost per pupil of the current expenses of operation...." RSA § 186–A:8(II)(c) (Supp.1979). "The state board shall make payments for such costs which exceed twice the state average costs per pupil, as such costs arise." *Id.*

It appears that the school district is responsible for payment in the first instance and seeks reimbursement from the state for any excess payments. The amount, if any, due to the plaintiffs and the relative liability of each defendant remain to be proven.

In view of the above, this court will not say that plaintiffs could prove no set set of facts that would entitle them to relief. *See Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 ·reh'g denied, 396 U.S. 869, 90 S.Ct. 35, 24 L.Ed.2d 123 (1969); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

Accordingly, Timberlane's motion to dismiss (Doc. # 71) is hereby denied.