**Vera L. FLOYD, Floyd Griffin, Jr., Curlee Williams, John E. Thomas, Herman Virgil, Marvin Childs, James Riley, Ann Knox, Glenda Anderson, Patricia Davis, Thomas Moore, Groset Brooks, Lavern Strahota and Augustine Baker, individually and on behalf of all others similarly situated, Plaintiffs,**

**v.**

**Tommy THOMPSON, individually and in his official capacity as Governor of the State of Wisconsin, Joe Leean, individually and in his official capacity as Secretary of the State of Wisconsin's Department of Health and Fami-**

ly Services, and Peggy Bartels, individually and in her official capacity as the Administrator of the Division of Health Care Financing, a division within the State of Wisconsin's Department of Health and Family Services, Defendants.

No. 99–C–0268–C.

United States District Court,
W.D. Wisconsin.

Sept. 3, 1999.

John C. Cabaniss, Law Office of John C. Cabaniss, Milwaukee, WI, for Vera L. Floyd, Floyd Griffin Jr., Curlee Williams, Plaintiffs.

Ross A. Anderson, Whyte Hirschboeck Dudek, S.C., Milwaukee, WI, for Tommy Thompson, Joe Leean, Peggy Bartels, Defendants.

## OPINION AND ORDER

CRABB, District Judge.

This is a civil action for injunctive and declaratory relief brought under 42 U.S.C. § 1983 and 28 U.S.C. § 2201. Plaintiffs are representatives of a proposed class of Wisconsin residents, all of whom have received treatment for smoking-related illnesses and ailments that was paid for in whole or in part under Wisconsin's Medical Assistance Program, Wis. Stat. §§ 49.43—49.96, a cooperative federal-state program under Title XIX of the Social Security Act, 42 U.S.C. §§ 1396—1396v. The defendants are state officials allegedly responsible for administering Wisconsin's Medicaid program. This court has jurisdiction over plaintiffs' claims under 28 U.S.C. § 1343(a)(3). The case is before the court on defendants' motion to dismiss for failure to state a claim upon which relief can be granted. Because I find that plaintiffs' suit is barred by the Eleventh Amendment, defendants' motion will be granted.

Plaintiffs contend that defendants violated their rights under Title XIX of the Social Security Act, 42 U.S.C. § 1396k(b) and 42 C.F.R. § 433.154(c), by failing to disburse to them a portion of the settlement between the state of Wisconsin and various tobacco companies and tobacco industry organizations. Plaintiffs allege that in return for Medicaid's payment for their treatment, they automatically assigned to the state their individual claims against third parties for payment of past or future medical expenses pursuant to federal and state mandatory assignment of rights requirements. *See* 42 U.S.C. § 1396k(a) and Wis. Stat. §§ 49.45(19)(a)(2), 49.89(3). The federal statutory scheme set forth at 42 U.S.C. § 1396k(b) and 42 C.F.R. § 433.154(c) mandates that recovery from third parties be distributed as follows: reimbursement of the state for its Medicaid expenditures, reimbursement of the federal government for its share of Medicaid expenditures and payment of the remainder to the Medicaid recipients. Plaintiffs assert that defendants released plaintiffs' legal rights against the tobacco companies in the "Master Settlement Agreement," an agreement signed by Wisconsin and 45 other states in November of 1998. Accordingly, plaintiffs claim they are entitled to a portion of the settlement proceeds that exceeds the state's Medicaid expenditures. Specifically, plaintiffs seek "(1) any and all medical expenses incurred as a result of smoking related illnesses not paid by Medicaid; (2) the difference between the reasonable value of the medical treatment afforded them and the amount paid by Medicaid; and (3) the value of future medical treatment needed for smoking related illnesses suffered by plaintiffs and others similarly situated." Complaint, ¶ 54. Plaintiffs also request class certification under Fed.R.Civ.P. 23.

Defendants rely on three arguments in support of their motion to dismiss. First, the suit is barred by sovereign immunity because plaintiffs are seeking to obtain funds belonging to the state pursuant to the Master Settlement Agreement. Second, plaintiffs have no claim to the state's settlement proceeds because rather than suing the tobacco manufacturers on a subrogation theory, the state recovered damages on the basis of its own direct statutory and common law claims. Third, the present lawsuit is barred by laches because plaintiffs should have intervened in the initial litigation between the state and the tobacco companies rather than allowing defendants to assume all risks of litigation. Because I conclude that this suit is barred by Eleventh Amendment immunity, it is not necessary to address defendants' second and third arguments or plaintiffs' request for class certification.

With two exceptions, the Eleventh Amendment prohibits suits against the state by citizens of another state or by the state's own citizens for monetary damages or equitable relief. *See College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.,* 527 U.S. 666, 119 S.Ct. 2219, 2222–23, 144 L.Ed.2d 605 (1999); *Pennhurst State School and Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct.

900, 79 L.Ed.2d 67 (1984). First, a state may waive the protections of the amendment and consent to suit in federal court. *See Clark v. Barnard,* 108 U.S. 436, 447–448, 2 S.Ct. 878, 27 L.Ed. 780 (1883); *see also College Savings Bank,* 119 S.Ct. 2219 (repudiating the doctrine of constructive waiver). Second, Congress may use its enforcement powers under the Fourteenth Amendment to abrogate the state's Eleventh Amendment immunity through an unequivocal expression of its intent to do so and pursuant to a valid exercise of power. *See Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 55, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996); *Fitzpatrick v. Bitzer,* 427 U.S. 445, 456, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976).

■ *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), established an additional exception to sovereign immunity that allows prospective injunctive relief to restrain state officials from violating the Constitution even when the state itself is immune from suit under the Eleventh Amendment. Although *Young* itself concerned an alleged constitutional violation, the rule extends to violations of federal statutory law. *See Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 281, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997) ("An allegation of an on-going violation of federal law where the requested relief is prospective is ordinarily sufficient to invoke the *Young* fiction."); *see also Marie O. v. Edgar,* 131 F.3d 610, 614 (7th Cir.1997) (stating that "suits against state officials seeking prospective equitable relief for ongoing violations of federal law are not barred by the Eleventh Amendment under the *Ex parte Young* doctrine"). Therefore, federal courts may award prospective relief against state officials when the basis for the suit is an alleged violation of federal law. *See Pennhurst,* 465 U.S. at 102–103, 104 S.Ct. 900.

■ Plaintiffs attempt to circumvent the sovereign immunity bar by naming as defendants state officers in their official and individual capacities, rather than the state of Wisconsin. However, "[t]he real interests served by the Eleventh Amendment are not to be sacrificed to elementary mechanics of captions and pleading." *Coeur d'Alene Tribe of Idaho,* 521 U.S. at 270, 117 S.Ct. 2028. *See also Ex parte New York,* 256 U.S. 490, 500, 41 S.Ct. 588, 65 L.Ed. 1057 (1921) (stating that "what is deemed a suit against a state … is to be determined not by the mere names of the titular parties but by the essential nature and effect of the proceeding, as it appears from the entire record"). This is of central importance because "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." *Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 464, 65 S.Ct. 347, 89 L.Ed. 389 (1945). *See also Pennhurst,* 465 U.S. at 101, 104 S.Ct. 900 (" '[T]he general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter.' ") (quoting *Hawaii v. Gordon,* 373 U.S. 57, 58, 83 S.Ct. 1052, 10 L.Ed.2d 191 (1963)(per curiam)); *see also M.S.A. § Realty Corp. v. State of Illinois,* 990 F.2d 288, 293 (7th Cir.1993) (denying plaintiff's request for relief because it "would have an effect upon the state treasury that is not merely ancillary but is the essence of the relief sought"). If the state is the real party in interest, the Eleventh Amendment bars the suit against state officials, regardless whether the plaintiff seeks damages or injunctive relief. *See Seminole Tribe,* 517 U.S. at 58, 116 S.Ct. 1114 (citing *Cory v. White,* 457 U.S. 85, 90–91, 102 S.Ct. 2325, 72 L.Ed.2d 694 (1982)).

■ The *Ex Parte Young* exception to sovereign immunity is inapplicable in this case. The state is the real and substantial party in interest because plaintiffs are ultimately seeking money intended for the state treasury pursuant to the Master Settlement Agreement. According to that Agreement, the tobacco companies must pay the settlement proceeds in installments to an escrow agent who will dis-

burse such proceeds according to the disbursement protocol for each of the settling states. For Wisconsin, the escrow agent is contractually obligated to wire transfer the installments to the state treasury. Plaintiffs seek to enjoin defendants from depositing the settlement proceeds into the state treasury. Cpt., ¶ 56. They also seek to recover a portion of the settlement funds. Cpt., ¶ 60. Plaintiffs argue that the relief they seek is prospective in the sense that a designated portion of *future* settlement proceeds would be paid to plaintiffs, rather than to the state treasury. Plaintiffs cannot seek a money judgment against the state because the settlement has not been paid fully by the tobacco companies. Plaintiffs even concede that if the tobacco settlement proceeds were already in the state treasury, "the Eleventh Amendment may bar plaintiffs from recovering those proceeds." (Pls.' Br. at 18, n.10). It is wholly irrelevant that payments will be made in fixed future installments rather than a lump sum. Allowing plaintiffs to recover a portion of the settlement funds would be the functional equivalent of retrospective monetary damages paid from the state treasury because the amount, obligation and ownership of the funds was fixed when the Master Settlement Agreement was signed, rather than upon receipt of the funds. Therefore, even if the proceeds are paid in installments, the Eleventh Amendment bars plaintiffs from gaining access to the fund through suit in federal court.

■ Even if the named defendants were proper parties to the suit, I would still grant defendants' motion to dismiss because in reality, plaintiffs are seeking monetary relief. *See Edelman v. Jordan,* 415 U.S. 651, 666, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) (labeling relief equitable does not allow judgment against state officer that closely resembles money judgment payable out of the state treasury to fit within *Ex parte Young* exception). Although the complaint is framed as a claim for declaratory and injunctive relief, the reality is that plaintiffs are demanding a portion of the tobacco settlement, a claim

for money damages. The Eleventh Amendment bars suits against state employees acting in their official capacities that seek retrospective monetary damages payable from the state treasury, as opposed to the state employees' own pockets. *See Edelman,* 415 U.S. at 663, 94 S.Ct. 1347. Similarly, plaintiffs cannot recover from defendants in their individual capacities because such recovery is allowable only if "relief is sought not from the state treasury but from the officer personally." *Alden v. Maine,* 527 U.S. 706, 119 S.Ct. 2240, 2267–68, 144 L.Ed.2d 636 (1999). Because plaintiffs are not seeking defendants' personal money, their claim is barred by the Eleventh Amendment.

### ORDER

IT IS ORDERED that the motion of defendants Tommy Thompson, Joe Leean and Peggy Bartels to dismiss the complaint for failure to state a claim upon which relief can be granted is GRANTED. The clerk of court is directed to enter judgment for defendants and close this case.