**Beverly Kay BARTON, et al.**

v.

**Paul G. SUMMERS, et al.**

No. 3:00–00078.

United States District Court, M.D. Tennessee, Nashville Division.

May 23, 2000.

James Gerald Stranch, III, Branstetter, Kilgore, Stranch & Jennings, George Edward Barrett, Douglas S. Johnston, Jr., Edmund L. Carey, Jr., Barrett, Johnston & Parsley, Nashville, TN, Richard A. Bieder, Antonio Ponvert, III, Koskoff, Koskoff & Bieder, P.C., Bridgeport, CT, Larry McDevitt, Van Winkle, Buck, Wall, Starnes & Davis, P.A., Asheville, NC, John A. Hagins, Jr., Covington, Patrick, Hagins, Stern & Lewis, P.A., Greenville, SC, for Plaintiffs.

Russell T. Perkins, Office of the Attorney General, Carolyn Underwood Smith, Office of the Attorney General Civil Division, Scott D. Carey, Baker, Donelson, Bearman & Caldwell, Nashville, TN, for Defendants.

*MEMORANDUM*

CAMPBELL, District Judge.

### I. *Introduction*

Pending before the Court is Defendants' Motion To Dismiss (Docket No. 19). The Court held a hearing on the Motion on April 20, 2000. For the reasons set forth below, the Motion is GRANTED.

### II. *Factual and Procedural Background*

Plaintiff Beverly Kay Barton has brought this action, on behalf of a Plaintiff class of individuals who have received Medicaid payments for the treatment of tobacco-related injuries, against various state officials and others, seeking a portion of the funds expected to be paid to

the State of Tennessee's general fund as a result of an agreement settling a lawsuit brought by the State against certain tobacco companies. (Complaint (Docket No. 1)).[1] Plaintiff specifically seeks an order requiring the Defendants to put the settlement funds it receives in escrow and distribute the funds to the Plaintiff class according to certain provisions of the Medicaid Act. (*Id.*). Plaintiff contends that the State's lawsuit against the tobacco manufacturers was a subrogation action brought on behalf of the Plaintiff class. Consequently, according to the Plaintiff, the Medicaid Act requires the State to distribute to the Plaintiff class the portion of the settlement proceeds that exceeds the amount the State has paid for their tobacco-related injuries.[2]

Plaintiff's specific claims for relief are as follows: First Claim for Relief—Declaratory Judgment Act and 42 U.S.C. § 1983; Second Claim—Deprivation of Property without Due Process, 14th Amendment and 42 U.S.C. § 1983; Third Claim—Violation of the Medicaid Act's Disbursement Requirements, 42 U.S.C. § 1983 and 42 U.S.C. §§ 1396, 1396a and 1396k; and Fourth Claim—Violation of the Medicaid Act's Recovery Requirements, 42 U.S.C. § 1983 and 42 U.S.C. §§ 1396, 1396a and 1396k.

The State Defendants have filed a Motion To Dismiss (Docket No. 19) in which they make the following arguments: the Eleventh Amendment bars suit; the tobacco settlement is not subject to the provisions of the Medicaid Act; Plaintiff has no claim under the Fourteenth Amendment or federal law for purposes of Section 1983; the Court is without subject matter jurisdiction because the settlement proceeds are distributed as directed by an order of the New York Supreme Court; the Medicaid Act does not support Plaintiff's claims; the action is barred by Section 1983's one-year statute of limitations; the action is barred by laches; and to the extent that Plaintiff's claims are based on statements made by legislative and executive officers in Tennessee, Plaintiff's claims raise non-justiciable political questions which violate the separation of powers doctrine.

Because the Court dismisses this case on Eleventh Amendment grounds, as discussed below, it does not address the other arguments made in the Motion To Dismiss.

### III. *Eleventh Amendment*

Eleventh Amendment jurisprudence holds that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974). Courts have recognized an exception to Eleventh Amendment immunity in three instances: (1) where the state has consented to suit; (2) where Congress has abrogated the state's

1. The State's complaint against the tobacco companies was filed contemporaneously with a multi-state settlement. (Docket No. 21). In its complaint, the State brought four cases of action: (1) Violation of the Tennessee Consumer Protection Act—deceptive practices generally; (2) Violation of the Tennessee Consumer Protection Act—deceptive practices targeting to youth; (3) Restraint of trader and (4) Unjust Enrichment. (*Id.*)

2. Specifically, Plaintiff relies on 42 U.S.C. § 1396k of the Medicaid Act. Subsection (a) of the statute requires recipients of medical assistance payments to execute an assignment to the State of their rights to collect payment from a potentially-liable third party. Subsection (b) provides:

Such part of any amount collected by the State under an assignment made under the provisions of this section shall be retained by the State as is necessary to reimburse it for medical assistance payments made on behalf of an individual with respect to whom such assignment was executed (with appropriate reimbursement of the Federal Government to the extent of its participation in the financing of such medical assistance), and the remainder of such amount collected shall be paid to such individual.

Regulations issued by the Health Care Financing Administration ("HCFA") reiterate these third party liability provisions. *See* 42 C.F.R. §§ 433.135 – 433.154.

immunity; and (3) where the application of *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) and its progeny is appropriate. *Nelson v. Miller,* 170 F.3d 641, 646 (6th Cir.1999). Plaintiff argues that the *Ex parte Young* exception applies here.

■ Under *Ex parte Young* and its progeny, the Eleventh Amendment does not apply if the plaintiff has not sued the state directly by naming it as a defendant, and if the state is not " 'the real, substantial party in interest.' " *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984) (quoting *Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945)); *Nelson,* 170 F.3d at 646.

■ A suit against a state official is deemed to be against the state itself when the plaintiff seeks "retroactive" relief, rather than "prospective" relief. *Nelson,* 170 F.3d at 646. "When the relief sought is 'retroactive,' it usually takes the form of money damages, and thereby significantly implicates the governmental entity itself." *Id.* In that case, the claim is " 'deemed to be against the State whose officers are the nominal defendants, [and] the claim is barred by the Eleventh Amendment.' " *Id.* (quoting *Doe v. Wigginton,* 21 F.3d 733, 736 (6th Cir.1994)). Prospective injunctive relief, on the other hand, is not barred by the Eleventh Amendment if it would " 'merely compel[ ] the state officer['s] compliance with federal law in the future.' " *Id.* (quoting *Doe,* 21 F.3d at 736, and *Idaho v. Coeur d'Alene Tribe,* 521 U.S. 261, 117 S.Ct. 2028, 2040, 138 L.Ed.2d 438 (1997)).

In most cases in which *Ex parte Young* has been held to apply, the primary relief ordered by the court is injunctive relief requiring future compliance with the Constitution or federal law, and an ancillary expenditure of state funds may be a consequence of complying with the injunctive relief ordered. *See, e.g., Edelman,* 94

S.Ct. at 1358 (Where class of aid recipients sued state officials for violation of federal law governing program and equal protection violations, Court held that *Young* applies to allow award of an injunction requiring future compliance with time limits in federal regulations, but does not allow an award of retroactive benefits); *Milliken v. Bradley,* 433 U.S. 267, 97 S.Ct. 2749, 53 L.Ed.2d 745 (1977) (In school desegregation case, *Young* permits injunction requiring remedial educational programs for students who had been subjected to past discrimination, and which requires state officials to pay for part of those programs); *Papasan v. Allain,* 478 U.S. 265, 106 S.Ct. 2932, 2942, 92 L.Ed.2d 209 (1986) (Court held that *Young* would permit injunctive relief in equal protection challenge to state's distribution of public school land funds because "[a] remedy to eliminate this current disparity, even a remedy that might require the expenditure of statute funds, would ensure 'compliance in the future with a substantive federal-question determination' rather than bestow an award for accrued monetary liability."); *Nelson,* 170 F.3d at 645–47 (Court held *Young* permits blind voters to seek injunction requiring the state to comply with federal law by implementing methods by which they would cast their votes unassisted by third party); *Doe,* 21 F.3d at 737 (In case where inmate challenged constitutionality of policy which provided AIDS test only to inmates who met certain criteria, court held that *Young* permits prospective relief requiring future compliance with constitutional requirements).

■ Plaintiff argues that the *Ex parte Young* exception applies here because she merely requests that the Defendant state officials comply with the Medicaid Act by paying tobacco-injured Medicaid recipients a portion of the tobacco settlement payments as they are transferred to the state treasury in the future, pursuant to the terms of the State's settlement agreement with the tobacco companies. The Court is

not persuaded, however, that the future installment method of payment created by the settlement agreement converts Plaintiff's claim for damages for tobacco-related injuries into a claim for prospective injunctive relief requiring an ancillary expenditure of State funds. In that regard, the Court agrees with the reasoning of a Wisconsin District Court that addressed the Eleventh Amendment issue in a similar case:

> Plaintiffs argue that the relief they seek is prospective in the sense that a designated portion of *future* settlement proceeds would be paid to plaintiffs, rather than to the state treasury ... It is wholly irrelevant that payments will be made in fixed future installments rather than a lump sum. Allowing plaintiffs to recover a portion of the settlement funds would be the functional equivalent of retrospective monetary damages paid from the state treasury because the amount, obligation and ownership of the funds was fixed when the Master Settlement Agreement was signed, rather than upon receipt of the funds. Therefore, even if the proceeds are paid in installments, the Eleventh Amendment bars plaintiffs from gaining access to the fund through suit in federal court.

*Floyd, et al. v. Thompson, et al.,* 111 F.Supp.2d 1097, 1101 (W.D.Wis.1999) Opinion and Order.

The cases cited by Plaintiff to support her argument do not persuade the Court that the *Young* exception should apply here. For example, in *Turner v. Ledbetter,* 906 F.2d 606, 608–610 (11th Cir. 1990), the court held that the Eleventh Amendment did not bar an injunction preventing the state from recouping from welfare recipients amounts the state claimed were overpayments. The court reasoned that because the funds received by the recipients were not overpayments, but were legally awarded, the injunction did not involve the awarding of "compensatory" relief. *Id.*

In *CSX Transportation, Inc. v. Board of Public Works,* 138 F.3d 537 (4th Cir.1998), the court held that the Eleventh Amendment did not bar an injunction against the future collection of illegal taxes by the state, even if the amount of tax liability has already been determined by the state. The court explained that: "... no award of any money need be made from the state treasury ... [M]oney which state officials would otherwise collect from the Railroads, in violation of federal law, will be protected from collection." 138 F.3d at 542.

In this case, unlike *Turner* and *CSX Transportation,* the Plaintiff does not seek to bar the State from collecting funds *from her* to which the State claims it is entitled. Instead, the Plaintiff seeks an injunction ultimately requiring the State *to pay her* a portion of the tobacco settlement funds as payments are made to the State.

In *Elephant Butte Irrigation Dist. Of New Mexico v. Department of the Interior,* 160 F.3d 602 (10th Cir.1998), a local water district sued the federal government and state officials claiming that the state violated federal law by retaining net profits under a recreational land lease with the federal government. The court concluded that the relief requested had no retrospective effect on the state's treasury, but only affected the state's right to receive future revenues. 160 F.3d at 611. Thus, plaintiffs' claim was not "an impermissible request for retrospective relief or damages." *Id.*

This case does not involve a claim for a portion of revenues to be earned by the State in the future. The funds Plaintiff seeks are part of the compensation the tobacco companies have already agreed to pay the State for past violations of law, and under Plaintiff's theory, are to compensate the Plaintiff class for tobacco-related illnesses or injuries they have suffered as a result of the allegedly wrongful conduct of the tobacco companies in the past. That these damage payments are to be made in future installments does not

alter the essential nature of these payments as retroactive monetary relief. *See Papasan,* 106 S.Ct. at 2940–41 ("In discerning on which side of the line a particular case falls, we look to the substance rather than to the form of the relief sought ... and will be guided by the policies underlying the decision in *Ex parte Young.*")

Accordingly, the Court concludes that because the remedy Plaintiff seeks is retroactive monetary relief, her claims are barred by the Eleventh Amendment. To hold otherwise would put form over substance and constitute exquisite sophistry.

### IV. *Conclusion*

For the reasons set forth above, the State Defendants' Motion To Dismiss is GRANTED.

It is so ORDERED.