HAWAII *v.* GORDON.

No. 12, Original.   Argued April 15, 1963.—Decided April 29, 1963.

*Bert T. Kobayashi,* Attorney General of Hawaii, and *Dennis G. Lyons* argued the cause for plaintiff.   Also on the briefs were *Shiro Kashiwa,* former Attorney General of Hawaii, *Wilbur K. Watkins, Jr.,* former Deputy Attorney General of Hawaii, *Thurman Arnold, Abe Fortas* and *Paul A. Porter.*

*Wayne G. Barnett* argued the cause for defendant. With him on the briefs were *Solicitor General Cox, David R. Warner* and *Thos. L. McKevitt.*

PER CURIAM.

Section 5 (e) of the Hawaii Statehood Act, 73 Stat. 4, 48 U. S. C. (Supp. II, 1960), pp. 1257–1261, provides that within five years from the date Hawaii is admitted to the Union federal agencies having control over land or properties retained by the United States under § 5 (c) and (d) of the Act shall report to the President as to the "continued need for such land or property, and if the President

determines that the land or property is no longer needed by the United States it shall be conveyed to the State of Hawaii." The President designated the Director of the Bureau of the Budget to perform his functions thereunder. The Director thereafter, pursuant to an opinion of the Attorney General, 42 Op. Atty. Gen. (No. 4), concluded, and so advised federal agencies, that the lands referred to in §5 (e) do not include lands obtained by the United States through purchase, condemnation or gift but are limited to lands which at one time belonged to Hawaii and were ceded to the United States or acquired in exchange therefor.

Hawaii filed this original action against the Director, under Art. III, §2, of the Constitution of the United States, seeking to obtain an order requiring him to withdraw this advice to the federal agencies, determine whether a certain 203 acres of land in Hawaii acquired by the United States through condemnation was land or properties "needed by the United States" and, if not needed, to convey this land to Hawaii. We have concluded that this is a suit against the United States and, absent its consent, cannot be maintained by the State. The general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter. E. g., *Dugan* v. *Rank,* 372 U. S. 609 (1963); *Malone* v. *Bowdoin,* 369 U. S. 643 (1962); *Larson* v. *Domestic & Foreign Corp.,* 337 U. S. 682 (1949). Here the order requested would require the Director's official affirmative action, affect the public administration of government agencies and cause as well the disposition of property admittedly belonging to the United States. The complaint is therefore dismissed. *Oregon* v. *Hitchcock,* 202 U. S. 60 (1906).

*Dismissed.*

MR. JUSTICE WHITE took no part in the consideration or decision of this case.