Gary ROBINSON, Administrator of the
Estate of Kitty Parlier, Deceased,
Plaintiff,

v.

Charles W. PARKHURST, Substitute
Trustee, and the United States
of America, Defendants.

No. 2089.

United States District Court
W. D. Missouri,
Southwestern Division.

June 10, 1968.

Kenneth Babbitt, Galena, Mo., for plaintiff.

John L. Kapnistos, Asst. U. S. Atty., Kansas City, Mo., for defendants.

MEMORANDUM AND ORDER GRANTING MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER, TO DISMISS THE INJUNCTION PETITION, AND TO ASSESS DAMAGES

HUNTER, District Judge.

This matter is presently before the Court on the motion of defendants to dismiss this action, to dissolve the temporary restraining order, and to assess damages against plaintiff. Briefly stated, this action for an injunction was commenced by plaintiff in the Circuit Court of Stone County, a temporary restraining order was issued by the Judge of the Magistrate Court of Stone County, and the case was thereafter removed by defendants to this Court. During her lifetime Kitty Parlier executed a deed of trust dated April 8, 1965, in favor of the United States to secure a note in the principal amount of $7,550. Mr. J. E. Jose, State Director of the Farmers Home Administration for the State of Missouri was initially named as Trustee. The note evidenced a loan made to Kitty Parlier through the Farmers Home Administration for the purpose of building a home. At the time of her death the home was partially completed. The suit for injunction alleges that at the time of Kitty Parlier's death there were outstanding bills for materials and labor already furnished and that there were then sufficient funds remaining from the loan to pay said bills, that an agent of Farmers Home Administration

had agreed to pay laborers and material-men, but that a representative of the Farmers Home Administration has now removed the funds and has not paid the claims of the materialmen and laborers who are now seeking payment from the estate. Plaintiff has filed no opposition to the motion.

On the basis of the present record the Court finds that the motion is merito-rious in all respects. As the petition it-self states, defendant, Charles W. Park-hurst, is the duly appointed Substitute Trustee under the Deed of Trust * * and has instituted foreclosure proceed-ings in Stone County, and intends to sell the above described property * *." There is now outstanding the tempo-rary restraining order issued by the Magistrate Court of Stone County pro-hibiting Charles W. Parkhurst, as sub-stitute trustee, from selling the real es-tate described in the petition for injunc-tion. The record (Defendants' exhibit B attached to the motion) demonstrates that Parkhurst was appointed by Jose as substitute trustee. 7 C.F.R. § 1800.22 authorizes Jose, as State Director, to delegate his official functions with re-gard to the deed of trust in this case. Further, it is apparent from the petition and the deed of trust that the trustee, insofar as his efforts to foreclose are concerned, is acting under the authoriza-tion of the United States, at the request of the United States, and for the benefit of the United States (Deed of Trust para-graph 13).

The United States has not consented to this suit for injunction, and for that reason, in view of the facts of the case, the suit as to the United States must be dismissed, Dugan v. Rank, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963); Sugarman v. Forbragd, 267 F. Supp. 817 (N.D.Cal.1967), and cases cited therein. Under the authority of such cases as Dugan v. Rank, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963), and State of Hawaii v. Gordon, 373 U.S. 57, 83 S.Ct. 1052, 10 L.Ed.2d 191 (1963) it is apparent that although Charles W. Parkhurst is named as a defendant and

relief is sought nominally against him, the suit is in fact against the sovereign for the decree operates against the Unit-ed States. Under the circumstances, Parkhurst, acting for the State Director of the Farmers Home Administration, and attempting to perform an author-ized official duty in that regard, is im-mune from suit in the same fashion as is the United States. The suit must be, and hereby is, dismissed without preju-dice as to defendant Parkhurst.

Nor can the Court now treat the petition as merely one for damages for this Court's jurisdiction upon removal is merely derivative and the United States has not consented to be sued for dam-ages in the Circuit Court of Stone Coun-ty, Koppers Company v. Continental Casualty Company, 337 F.2d 499 (8th Cir. 1964); Lambert Run Coal Co. v. Baltimore & Ohio R. R., 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671 (1922).

As to the assessment of dam-ages, the Court finds that the United States expended the sum of $34.80 to make the publication of the notice of the trustee's sale. The Court further finds that R.S.Mo. 443.320 (1959), V.A.M.S., provides that the last publication of said notice be not more than one week prior to the date of the sale. The temporary restraining order which plaintiff ob-tained prevented the sale from occurring on the date specified in the notices and in order to comply with Missouri law on this matter the United States will have to make the required publication of a new notice before it can foreclose ac-cording to its rights under the deed of trust. The Court also finds that the United States is entitled to a statutory attorney's docket fee in this matter of $20.00, 18 U.S.C. § 1923.

Therefore, the temporary restraining order is hereby dissolved, this action as to both defendant Parkhurst and defend-ant United States is hereby dismissed without prejudice, and damages in the amount of $54.80 are assessed against plaintiff in favor of the United States, all at plaintiff's costs.

It is so ordered.