**4**

Howard W. JOPLIN, Plaintiff,

v.

The UNITED STATES and James E. Knight, Defendants.

Civ. No. 75–353–C.

United States District Court, E. D. Oklahoma.

Aug. 20, 1976.

Charles V. Foor, for plaintiff Joplin.

Richard A. Pyle, U. S. Atty. by Betty O. Williams, Asst. U. S. Atty., Muskogee, Okl., for defendant United States.

Tom R. Cornish, McAlester, Okl., for defendant Knight.

ORDER

DAUGHERTY, Chief Judge.

Plaintiff brings this action for false arrest, false imprisonment and medical malpractice against the United States and an individual. Jurisdiction is alleged to exist pursuant to 28 U.S.C. § 1346(b) for an action under the Federal Tort Claims Act, 28 U.S.C. § 2671–80. Plaintiff requested and was granted leave to file an Amended Complaint. Defendant, the United States, has filed a Motion for Summary Judgment pursuant to Federal Rules of Civil Procedure which is directed against the Amended Complaint herein. Plaintiff has responded to the Motion of the Defendant, the United States, and the Court will now consider said Motion.

Summary judgment may be entered if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), *supra*. The Court may also grant partial summary judgment as to parties or issues. Rule 56(d), *supra*.

With respect to the charges of false arrest and false imprisonment Defendant, the United States, maintains that summary judgment should be granted because the Government has not waived its sovereign immunity concerning these actions. The Government argues that the United States as sovereign is immune from suit and that this immunity can only be waived by Congressional action. The Government further

maintains that when Congress does waive sovereign immunity suit may only be had in the manner and under the circumstances provided for by Congress. Speaking to the charge of false arrest and false imprisonment the Government relies on 28 U.S.C. § 2680(h) which provides that:

"The provisions of this chapter [Tort Claims Procedure] and section 1346(b) of this title shall not apply to—

(h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: . . ."

■ The Government's defense of sovereign immunity is well taken. It is firmly established that the United States may not be sued without its consent. *Hawaii v. Gordon*, 373 U.S. 57, 83 S.Ct. 1052, 10 L.Ed.2d 191 (1963); *Larson v. Domestic and Foreign Commerce Corp.*, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949); *U. S. v. Lee*, 106 U.S. 196, 1 S.Ct. 240, 27 L.Ed. 171 (1882). Congress has acted to waive the immunity of the United States over certain tort actions but in doing so specifically declined to do so with respect to false arrest and false imprisonment. 28 U.S.C. § 2680(h). Moreover, it appears from the record herein that Plaintiff has dropped his claim of false arrest and imprisonment.[1]

The Government urges in regard to the medical malpractice portion of Plaintiff's claim as set out in his Amended Complaint that said claim is barred by reason of same not being presented in writing to the appropriate Federal agency, in this case the Veterans Administration, (VA) within two years after the claim accrued as required by 28 U.S.C. § 2401(b).[2] It is urged that records of the VA submitted in support of the instant Motion indicate that Plaintiff had knowledge of the acts purportedly constituting malpractice for more than two years prior to the filing of a claim for injury or damages with the VA. Plaintiff in his Response to this portion of the Government's Motion appears to urge that the very records relied upon by the Government to show Plaintiff had knowledge of the medical problems giving rise to the instant medical malpractice claim themselves constituted the filing of claims for injury or damages with the VA.

■ Upon consideration of that portion of the instant Motion for Summary Judgment as same relates to whether or not Plaintiff has satisfied the requirements of 28 U.S.C. § 2401(b) in regard to presenting his claim to the VA in writing prior to bringing this claim the Court is not satisfied that genuine issues of material fact are not present as to such issue. Summary Judgment is, therefore inappropriate as to said issue and said Motion should be overruled as it relates to said issue. Rule 56 *supra*. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Redhouse v. Quality Ford Sales, Inc.*, 511 F.2d 230 (Tenth Cir. 1975).

■ However, the Court finds that the issue as to whether Plaintiff has met the requirements of 28 U.S.C. § 2401(b) is threshold to the maintenance of this action for medical malpractice and warrants conducting a separate trial on said issue pursuant to Rule 42(b), Federal Rules of Civil Procedure. The Court further finds that a Pretrial Conference should be excused as to said issue for trial and that same should be set for a trial on the merits as to all facts bearing on when Plaintiff's medical malpractice claim herein accrued and when and by what means notice of such claim was presented to the VA. Said trial to be conducted on SEPTEMBER 2, 1976 at 9:30 A.

---

1. This Court dismissed the Amended Complaint as to the individual Defendant herein partially on the basis Plaintiff stated that he only proceeds in this action for alleged medical malpractice.

2. 28 U.S.C. § 2401 provides:

(b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

M. at the United States Courthouse, Muskogee, Oklahoma.

In accordance with the above, the Court grants partial summary judgment in favor of the United States in respect to that portion of Plaintiff's action relating to alleged medical malpractice.