**George C. POLMASKITCH, Reg. No. 20384–101, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CIV–76–0928–D.**

United States District Court, W. D. Oklahoma.

April 19, 1977.

George C. Polmaskitch, pro se.

David L. Russell, U. S. Atty. by William S. Price, Asst. U. S. Atty., Oklahoma City, Okl., for defendant.

### ORDER OF DISMISSAL

DAUGHERTY, Chief Judge.

By Complaint the above-named plaintiff, a prisoner at the Federal Correctional Institution at El Reno, Oklahoma, seeks an order of this court allowing him to be married. The defendant has moved to dismiss for lack of jurisdiction and failure to state a claim for which relief may be granted. The plaintiff in his Response reasserts his right to relief.

The pleading does not contain a short and plain statement of the grounds upon which the court's jurisdiction depends as required by Rule 8(a), Federal Rules of Civil Procedure. However, it is clear that this court is without jurisdiction in this case. The court has no jurisdiction of a suit against the United States unless the United States has consented to be sued. *United States v. Alabama*, 313 U.S. 274, 61 S.Ct. 1011, 85 L.Ed. 1327 (1941). Since the United States has neither expressly nor impliedly consented to the suit the action against it must be dismissed. *Dugan v. Rank*, 372

**528**

U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963); *Hawaii v. Gordon*, 373 U.S. 57, 83 S.Ct. 1052, 10 L.Ed.2d 191 (1963); *Malone v. Bowdoin*, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962); *Larson v. Domestic & Foreign Corp.*, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949); *Williams v. United States*, 289 U.S. 553, 53 S.Ct. 751, 77 L.Ed. 1372 (1933).

█ Moreover, if this court had jurisdiction of the action, the plaintiff has not stated a claim for which relief could be granted. It is a basic rule that the control and management of federal penal institutions lies within the sound discretion of the responsible prison officials. *Daughtery v. Harris*, 476 F.2d 292 (C.A.10 1973). If there were a suable defendant the present mandamus type motion would be legally insufficient. The test for such a motion is set forth in *Paniagua v. Moseley*, 451 F.2d 228, 229 (C.A.10 1971):

> "Mandamus is an extraordinary remedial process and before relief of this nature can be afforded it must appear that the claim is clear and certain and the duty of the officer involved must be ministerial, well-defined, and peremptory to the end that the duty must be a positive demand and so plainly described as to be free of doubt."

A prisoner has no absolute constitutional right to undergo a marriage ceremony while incarcerated. *Johnson v. Rockefeller*, 365 F.Supp. 377 (S.D.N.Y.1973), affd., *Butler v. Wilson*, 415 U.S. 953, 94 S.Ct. 1479, 39 L.Ed.2d 569. There is nothing in the facts alleged to make the discretionary decision by the prison official to deny permission to the plaintiff to undergo a marriage ceremony subject to judicial review.

Accordingly, it is ordered:

1. The defendant's Motion to Dismiss is granted:

2. This cause is dismissed.