**Robert W. LYON, Plaintiff,**

v.

**Irene F. SCOTT, Martin F. Klotz, Alan R. Herson, and Donald C. Alexander, Defendants.**

**No. CV 77–0896–AAH.**

United States District Court, C. D. California.

May 16, 1977.

William D. Keller, U.S. Atty., Los Angeles, Cal., Charles H. Magnuson, Asst. U.S. Atty., Chief, Tax Div., Washington, D.C., for defendants.

HAUK, District Judge.

### FINDING OF FACT

1. Defendants Martin F. Klotz and Alan R. Herson, in dealing with the plaintiff Robert W. Lyon and handling plain-

tiff's petition to the United States Tax Court on behalf of the Internal Revenue Service, at all times acted within the scope of their employment and carried out their official duties in good faith.

## CONCLUSIONS OF LAW

1. None of the counts contained in plaintiff's complaint states a claim upon which relief can be granted.

2. Judges are absolutely immune from civil liability for acts done by them within their judicial jurisdiction. *Pierson v. Ray,* 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Harvey v. Sadler,* 331 F.2d 387 (9th Cir. 1964).

3. This suit is barred by the doctrine of sovereign immunity. Although officers and agents of the United States government were named as defendants herein, the relief sought would be obtained against the sovereign itself and would interfere with the administration of public law. There is no statute which, in a proceeding such as the present, waives the sovereign immunity of the United States, and consequently this Court lacks subject matter jurisdiction of this case. *Hawaii v. Gordon,* 373 U.S. 57, 83 S.Ct. 1052, 10 L.Ed.2d 191 (1963); *United States v. Alabama,* 313 U.S. 274, 61 S.Ct. 1011, 85 L.Ed. 1327 (1941); *United States v. Shaw,* 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888 (1940).

LET JUDGMENT BE ENTERED ACCORDINGLY.