**Alphonso SOLOMON, Plaintiff,**

**v.**

**NATIONAL OFFICE—OFFICE OF FEDERAL CONTRACT COMPLIANCE PROGRAMS, et al., Defendants.**

**Civ. A. No. 3–85–1445–H.**

United States District Court, N.D. Texas, Dallas Division.

Nov. 26, 1985.

Alphonso Solomon, pro se.

Stafford Hutchinson, Asst. U.S. Atty., Dallas, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER

SANDERS, District Judge.

This case is before the Court as Defendants' Motion to Dismiss or in the Alternative for Summary Judgment, filed October 15, 1985, and Plaintiff's "Motion in Opposition to Defendants' Motion to Dismiss or in the Alternative for Summary Judgment and for Entry of Summary Judgment in Favor of Plaintiff and Against Defendants," filed October 28, 1985.

### Factual Background

Plaintiff filed a complaint with the Dallas Regional Office of the Department of Labor's Office of Federal Contract Compliance Programs (OFCCP) in July 1983 alleging his employer, Electronic Data Systems, Inc., had discriminated against him and others on the basis of race. In October 1983 OFCCP began a compliance review of EDS under Executive Order 11246 which prohibits such discrimination by federal contractors, and requested EDS' affirmative action program. EDS failed to provide the requested material, and on November 21, 1983, OFCCP issued a show cause order, giving EDS thirty days to show cause why enforcement proceedings should not be instituted against EDS for failure to comply with the request. EDS then notified OFCCP that EDS believed it was not covered by Executive Order 11246 because its federal contracts were held by EDS subsidiaries.

After an attempt at a local resolution of the issue, the question of whether EDS was a government contractor under the Executive Order was referred by the Dallas OFCCP Office to the National Office in Washington in June 1984. The National Office corresponded with EDS, reviewed the corporate structure of EDS, and in October 1985 formally determined that EDS was a covered contractor. OFCCP is currently preparing a memorandum for the Dallas office instructing them to implement the designation of EDS as a covered contractor through a review of the affirmative action plan and to begin an investigation of Plaintiff's complaints of discrimination. Declaration of H. Jack Bluestein, OFCCP, October 11, 1985, at 4.

In July 1985 Plaintiff, apparently dissatisfied with the pace of OFCCP proceedings, filed this lawsuit seeking to force OFCCP to act. Plaintiff also sought to have this Court determine the issues before OFCCP and award him damages and attorney's fees.

### Moot Issues

Several of the issues raised by Plaintiff have been made moot by OFCCP's actions since the suit was filed. Plaintiff seeks to have this Court: (1) declare that EDS is a federal contractor; (2) declare that EDS and its subsidiaries are the same corporate entity; (3) declare that OFCCP has jurisdiction over EDS under Executive Order 11246; (4) order OFCCP to process the complaints he has filed; and (5) require OFCCP to enforce the Executive Order. OFCCP has already completed the first three and the fourth and fifth are in progress. Without expressing any opinion as to whether this Court has the power to require OFCCP to take any of the actions listed, the Court finds that these claims are moot. There is therefore no case or controversy as required by Article III of the Constitution with respect to these claims, and they should be, and are hereby, **DISMISSED.**

### Mandamus

Plaintiff also seeks to have this Court (1) determine that EDS has violated Executive Order 11246, and (2) require OFCCP to

initiate enforcement proceedings against EDS for failure to submit to OFCCP the requested documents.

Before the extraordinary remedy of mandamus will be granted, *Carter v. Seamans*, 411 F.2d 767, 773 (5th Cir.1969), *cert. denied*, 397 U.S. 941, 90 S.Ct. 953, 25 L.Ed.2d 121 (1970), three elements must be present: (a) Plaintiff must have a clear right to the relief; (b) the Defendant must have a clear duty to act; and (c) no other adequate remedy must be available. *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir.), *cert. denied*, 449 U.S. 832, 101 S.Ct. 100, 66 L.Ed.2d 37 (1980). The Court finds that Plaintiff has not demonstrated that his requests meet these conditions.

■ There is no clear duty for OFCCP to perform either action. The determination whether EDS has violated Executive Order 11246 is clearly for OFCCP to decide in the first instance. The mere filing of a complaint, even if supported to the extent Plaintiff alleges, does not create an entitlement to a specific finding. Nor does OFCCP have any duty to initiate enforcement action against EDS for failure to produce its records in 1983. OFCCP has discretion, not a duty, to initiate enforcement proceedings when a contractor refuses to submit records. The relevant regulations provide that "OFCCP ... *may* go directly to administrative enforcement proceedings ..." 41 C.F.R. 60–1.26(a)(2). (emphasis added). In this case OFCCP obviously chose to attempt conciliation, as provided for in the regulations, instead. Therefore, Defendants' Motion for Summary Judgment as these claims should be, and is hereby, **GRANTED.**

### Breach of Duty

Plaintiff seeks a declaration by the Court that Defendants have breached a duty owed to Plaintiff. The Court can find no such breach. While Plaintiff is obviously dissatisfied with the speed of OFCCP's action, there is no requirement that OFCCP act as quickly as Plaintiff demands. Therefore, Defendants' Motion for Summary Judgment as this claim should be, and is hereby, **GRANTED.**

### Damages and Attorney's Fees

■ Plaintiff has sued two named employees of the Government in their official capacities and a Federal agency. While this suit is nominally against the agency and officers, it is in reality against the United States since it seeks performance of official acts and compensation for their nonperformance. Such a suit cannot be maintained without the United States' consent, *Hawaii v. Gordon*, 373 U.S. 57, 58, 83 S.Ct. 1052, 1053, 10 L.Ed.2d 191 (1963) (per curiam). Here, that consent has not been given; therefore, the claim for damages must be, and is hereby, **DISMISSED.**

Plaintiff seeks attorney's fees under 28 U.S.C. § 2412. Without deciding whether Plaintiff meets the other requirements of that section, the Court notes that attorney's fees are only available to prevailing parties, and finds that Plaintiff is clearly not the prevailing party in this action. Plaintiff's request for attorney's fees therefore should be, and is hereby, **DENIED.**

SO ORDERED.