**Noel L. SANTIAGO, Plaintiff,**

v.

**Michael FIELDS, Barry Newman, Robert Flint, William Harriford and Kevin Senato, Defendants.**

**No. 00–1058–SLR.**

United States District Court, D. Delaware.

Oct. 17, 2001.

Noel L. Santiago, Smyrna, DE, pro se.

Gregory E. Smith, Dept. of Justice, Wilmington, DE, for defendants.

## MEMORANDUM ORDER

SUE L. ROBINSON, District Judge.

## I. INTRODUCTION

On November 30, 2000, plaintiff Noel L. Santiago filed this action alleging civil rights violations under 42 U.S.C. § 1983 and violations of his Eighth Amendment right to be free from cruel and unusual

punishment. (D.I. 2 at 3) Plaintiff alleges that defendants are also liable for assault arising out of an unwarranted beating that occurred on July 19, 2000. (*Id.*) Plaintiff seeks compensatory and punitive damages. (*Id.* at 4)

Currently before the court is defendants' motion to dismiss plaintiff's complaint for failure to exhaust administrative remedies and for failure to state a claim. (D.I.12) For the reasons stated below, defendants' motion to dismiss is granted in part and denied in part.

## II. BACKGROUND

Plaintiff is an inmate within the Delaware Department of Correction and at the time of the complaint was housed at the Multi–Purpose Criminal Justice Facility ("Gander Hill") in Wilmington Delaware. (D.I. 16 at ¶ 1) Plaintiff has since been transferred to the Delaware Correctional Center in Smyrna, Delaware. (*Id.* at ¶ 2) Plaintiff alleges that on or about July 19, 2000 he was in an interview room preparing to serve five days for a "write-up" when he was assaulted by four correction officers and a sergeant of the Quick Response Team. (D.I. 2 at 3) Plaintiff contends that defendants used excessive force against him in that they kicked and struck him several times in the face and back and used a legsweep that caused him to fall face first to the floor. (*Id.*) Plaintiff alleges that, during the assault, he was handcuffed behind his back and defendants were insinuating that the assault was being carried out because plaintiff was a party in a pending lawsuit about the living conditions at Gander Hill. (*Id.*)

After the assault, plaintiff alleges defendants took him to the infirmary for examination and treatment of his injuries. (*Id.*) Plaintiff contends that he received x-rays and other medical treatment on July 20, 2000. (*Id.*) Plaintiff alleges that upon being escorted from the infirmary to 1F/Pod Cell # 5 by defendants, they again engaged in assaulting him. (*Id.*) Defendants again allegedly struck plaintiff in the face and back and employed another legsweep causing plaintiff to fall to the floor. (*Id.*) While on the floor, plaintiff contends that defendant Sergeant Kevin Senato sprayed "tear gas" in his face. (*Id.*) Plaintiff maintains that during both encounters he did not resist or threaten defendants in any way or break any prison rules that warranted such treatment. (*Id.*)

Plaintiff filed a grievance form on August 3, 2000. (*Id.*, Ex. A) He claims that prison officials have yet to respond to this grievance. (*Id.* at 2)

According to an affidavit submitted by Sergeant Senato, plaintiff was transported to the disciplinary unit because of an unrelated incident on July 19, 2000. (D.I. 13, Ex. C at ¶ 3) Sergeant Senato admits that physical force was used, but only after plaintiff became "unruly and violent," and that the force used was appropriate and proportional to plaintiff's actions. (*Id.* at ¶ 4) Plaintiff allegedly resisted as fully as possible and suffered a bloody nose and mouth as a result of the encounter. (*Id.*) Sergeant Senato admits that a cap stun was used on plaintiff, but the use was necessitated by plaintiff locking his jaws on, and attempting to bite off, Sergeant Senato's left middle finger. (*Id.* at ¶ 5) Sergeant Senato was left with the imprint of plaintiff's teeth and a deep bone bruise. (*Id.*) Sergeant Senato also denies that the assault was in retaliation of any lawsuit and maintains that he was not aware that plaintiff was a party to any lawsuit. (*Id.* at ¶ 7) Attached to Sergeant Senato's affidavit is a letter from plaintiff to Sergeant Senato apologizing for his behavior. (*Id.* at 4)

Defendants also submit an affidavit by Sergeant Mary Moody, who was responsi-

ble for resolving informal inmate grievances at all times relevant to this action. (*Id.,* Ex. A at ¶ i) While plaintiff alleges that prison officials have not responded to his grievance, Sergeant Moody contends that she has reviewed all records of grievances filed by plaintiff, and that plaintiff's grievance was rejected as untimely and plaintiff has not appealed the rejection. (*Id.* at ¶¶ ii, iii)

## III. STANDARD OF REVIEW

■ Since the parties have referred to matters outside the pleadings, defendants' motion shall be treated as one for summary judgment. *See* Fed.R.Civ.P. 12(b)(6). A party is entitled to summary judgment only when the court concludes "that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the burden of proving that no material issue of fact is in dispute. *See Matsushita Elec. Indus. v. Zenith Radio Corp.,* 475 U.S. 574, 586 n. 10, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Once the moving party has carried its initial burden, the nonmoving party "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 587, 106 S.Ct. 1348 (quoting Fed. R.Civ.P. 56(e)). "Facts that could alter the outcome are 'material', and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *Horowitz v. Fed. Kemper Life Assurance Co.,* 57 F.3d 300, 302 n. 1 (3d Cir.1995). If the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the

burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The mere existence of some evidence in support of the nonmoving party will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that factual issue. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). This court, however, must "view all the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Pa. Coal Ass'n v. Babbitt,* 63 F.3d 231, 236 (3d Cir.1995).

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

■ Defendants argue that plaintiff did not exhaust his administrative remedies prior to filing this action pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).[1] Before filing a civil action on an excessive force claim, a plaintiff-inmate must exhaust his administrative remedies, even if the ultimate relief sought is not available through the administrative process. *See Booth v. Churner,* 206 F.3d 289, 300 (3d Cir.2000), *cert. granted,* 531 U.S. 956, 121 S.Ct. 377, 148 L.Ed.2d 291 (2000), *aff'd,* 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). *See also Ahmed v. Sromovski,* 103 F. Supp.2d 838, 843 (E.D.Pa.2000) (quoting *Nyhuis v. Reno,* 204 F.3d 65, 73 (3d Cir.2000)) (stating that § 1997e(a) "specifically mandates that in-

---

1. The PLRA provides, in pertinent part:
 No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other

correctional facility until such administrative remedies as are available are exhausted.
42 U.S.C. § 1997e(a).

mate-plaintiffs exhaust their available administrative remedies."). The courts are split, however, on whether assault and excessive force constitute "prison conditions" for purposes of exhaustion under 42 U.S.C. § 1997e(a). *See, e.g., Booth,* 206 F.3d at 293–99; *contra Nussle v. Willette,* 224 F.3d 95, 106 (2d Cir.2000), *cert. granted, Porter v. Nussle,* —— U.S. ——, 121 S.Ct. 2213, 150 L.Ed.2d 207 (June 4, 2001) (00–853).

■ In the case at bar, plaintiff pursued his administrative remedies by filing a grievance form. Although plaintiff allegedly failed to appeal the rejection of his grievance form, the court finds that defendants have presented insufficient evidence to suggest that plaintiff was adequately notified of the rejection and his obligation to appeal it so as to preserve his right to sue. Thus, the court determines that plaintiff has exhausted his administrative remedies.

### B. Plaintiff's Eighth Amendment Claim

■ In cases where inmates challenge the use of force by prison officials as excessive, the Eighth Amendment is their key source of protection. *See Whitley v. Albers,* 475 U.S. 312, 327, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). The pivotal inquiry in claims of excessive force is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian,* 503 U.S. 1, 7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992), *construed in Whitley,* 475 U.S. 312, 106 S.Ct. 1078. The court must consider: 1) the need for the application of force; 2) the relationship between the need and the amount of force that was used; 3) the extent of injury inflicted; 4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by respon-

sible officials on the basis of the facts known to them; and 5) any efforts made to temper the severity of a forceful response. *See Whitley,* 475 U.S. at 321, 106 S.Ct. 1078 (citations omitted). Defendants cannot prevail on a motion for summary judgment if "it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain." *Id.* at 322, 106 S.Ct. 1078; *see also Sampley v. Ruettgers,* 704 F.2d 491, 495 (10th Cir. 1983) (finding wantonness when prison guard intended to harm inmate).

■ Defendants maintain that they used force necessary only to subdue plaintiff and protect their safety when he became combative on July 19, 2000. They rely on an affidavit from Sergeant Senato which states that plaintiff's claims of excessive force were unwarranted. While the application of some force may have been necessary to transfer plaintiff to the disciplinary unit, plaintiff claims that he was handcuffed behind his back at the time, reducing the threat of harm to defendants. Thus, the court finds that there exists a genuine issue of material fact as to whether defendants used excessive force against plaintiff.

### C. Qualified Immunity

■ Defendants contend that they cannot be held liable in their individual capacities under the doctrine of qualified immunity. (D.I. 13 at ¶ 8) Government officials performing discretionary functions are immune from liability for civil damages, given that their conduct does "not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). A right is "clearly established" when "[t]he contours of the right [are] sufficiently clear that a

reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987); *accord In re City of Philadelphia Litig.,* 49 F.3d 945, 961 (3d Cir.1995).

 When analyzing a qualified immunity defense, the court must first ascertain "whether plaintiff has [alleged] a violation of a constitutional right at all." *Larsen v. Senate of the Com. of Pa.,* 154 F.3d 82, 86 (3d Cir.1998). Next, the court must inquire whether the right was " 'clearly established' at the time the defendants acted." *In re City of Philadelphia Litig.,* 49 F.3d at 961 (quoting *Acierno v. Cloutier,* 40 F.3d 597, 606 (3d Cir. 1994)). Finally, the court must determine whether " 'a reasonable person in the official's position would have known that his conduct would violate that right.' " *Open Inns, Ltd. v. Chester County Sheriff's Dep't.,* 24 F.Supp.2d 410, 419 (E.D.Pa. 1998) (quoting *Wilkinson v. Bensalem Township,* 822 F.Supp. 1154, 1157 (E.D.Pa. 1993) (citations omitted)). If on an objective basis " 'it is obvious that no reasonably competent [official] would have concluded that [the actions were lawful],' " defendants are not immune from suit; however, " 'if [officials] of reasonable competence could disagree on this issue, immunity should be recognized.' " *In re City of Philadelphia Litig.,* 49 F.3d at 961–62 (quoting *Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986)).

 In the case at bar, plaintiff has sufficiently stated a claim for an Eighth Amendment excessive force violation.

Also, at the time of the events at issue, plaintiff's Eighth Amendment right against excessive force was clearly established. Because the court finds that there exists a genuine issue of material fact as to whether defendants used excessive force against plaintiff, defendants are not entitled to qualified immunity at this time.[2]

## D. Eleventh Amendment Immunity

 Defendants contend that they cannot be held liable in their official capacities under the Eleventh Amendment. (D.I. 13 at ¶¶ 7, 10–11) "[I]n the absence of consent, a suit [in federal court] in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). This preclusion from suit includes state officials when "the state is the real, substantial party in interest." *Id.* at 101, 104 S.Ct. 900 (quoting *Ford Motor Co. v. Dept. of Treasury,* 323 U.S. 459, 464, 65 S.Ct. 347, 89 L.Ed. 389 (1945)). "Relief sought nominally against an [official] is in fact against the sovereign, if the decree would operate against the latter." *Id.* (quoting *Hawaii v. Gordon,* 373 U.S. 57, 58, 83 S.Ct. 1052, 10 L.Ed.2d 191 (1963)). A State, however, may waive its immunity under the Eleventh Amendment. Such waiver must be in the form of an "unequivocal indication that the State intends to consent to federal jurisdiction that otherwise would be barred by the Eleventh Amendment." *Ospina v. Dep't. of*

---

**2.** Defendants also contend that they are immune from personal liability under the State Tort Claims Act. *See* 10 Del. C. § 4001; *see also Smith v. New Castle County Vo–Technical School District,* 574 F.Supp. 813 (D.Del. 1983). Section 4011(c) extends immunity from liability to employees. *See* 10 Del. C. § 4011(c). However, "[a]n employee may be personally liable for acts or omissions causing ... bodily injury ... for those acts which were not within the scope of employment or which were performed with wanton negligence or willful and malicious intent." *Id.* The court finds that defendants are not entitled to immunity under the State Tort Claims Act at this time.

*Corrs.,* 749 F.Supp. 572, 578 (D.Del.1990) (quoting *Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 238 n. 1, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985)). Because the State of Delaware has not consented to plaintiff's suit or waived its immunity, the Eleventh Amendment protects defendants from liability in their official capacities.

## V. CONCLUSION

Therefore, at Wilmington, this 17th day of October, 2001;

IT IS ORDERED that defendants' motion to dismiss (D.I.12) is denied with respect to plaintiff's claims against defendants in their individual capacities and granted with respect to plaintiff's claims against defendants in their official capacities.

IT IS FURTHER ORDERED that plaintiff's motion for representation by counsel (D.I.15) is granted. The court will direct the Clerk of Court to refer representation of plaintiff to a member of the Federal Civil Panel.