James F. MCGUIRL and, Marlene
C. McGuirl, Plaintiffs,

v.

UNITED STATES of America,
et al. Defendants.

No. Civ. 02–1232(RJL).

United States District Court,
District of Columbia.

March 31, 2004.

See also 2004 WL 1089106.

James F. McGuirl, Washington, DC, pro
se.

Marlene C. McGuirl, Washington, DC,
pro se.

Pat S. Genis, US Department of Justice,
Washington, DC, for Defendants.

### MEMORANDUM OPINION & ORDER

LEON, District Judge.

Before the Court is defendants' Motion
to Dismiss for lack of subject matter juris-
diction and failure to state a claim upon
which relief can be granted. Upon consid-
eration of the defendants' motion, the
plaintiffs' opposition, and the entire record
herein, the Court finds that it lacks subject
matter jurisdiction over this action and
dismisses the case.

## BACKGROUND

James McGuirl and his wife, Marlene McGuirl, (the "McGuirls") underwent an involuntary Chapter 7 bankruptcy in March of 1990. *McGuirl v. C.I.R.*, T.C. Memo 1999–21 at 1 (*"T.C.Memo"*). On January 25, 1994, the bankruptcy court denied the McGuirls a discharge in the bankruptcy proceeding. *Id.* In 1996, the Internal Revenue Service ("IRS") issued a statutory notice of deficiency to plaintiffs for the 1993 taxable year. *Id.* Mr. McGuirl filed an appeal to the Tax Court on May 20, 1996, challenging the deficiency. *Id.* On January 29, 1999, the Tax Court issued a ruling largely in favor of defendant IRS.[1] The bankruptcy case was ultimately closed on April 22, 1999. Compl. Count I.

The McGuirls filed the present suit on June 21, 2002, against the United States and five employees of the IRS in their official capacities, seeking statutory damages, punitive damages, termination of employment of the individual defendants, and costs of litigation. Compl. at 10. Plaintiffs' allegations of misconduct on the part of defendants arise from a series of events delineated in the complaint and its attachments. This chronology is ably summarized in defendants' Motion to Dismiss, as follows. On October 5, 1999, plaintiffs submitted a Form 843 Claim for Refund and Request for Abatement seeking redetermination of their 1993 tax liabilities. IRS employees, defendants John Chandler and Robert Strum met with plaintiffs on May 18, 2000. Compl. at 1. On May 19, 2000, defendant Chandler wrote plaintiffs preliminarily denying their request for abatement. On January 4, 2001, IRS employee,

defendant Aaron Whitaker, sent a final determination denying plaintiffs' request for abatement. Plaintiffs submitted to the IRS an Offer in Compromise (OIC). On June 15, 2000, plaintiffs submitted a new OIC seeking a redetermination of their 1989 and 1993 tax liabilities on the grounds that there was "doubt as to liability." IRS employee, defendant Les Swartzwelder, wrote plaintiffs rejecting their OIC. On February 22, 2001, defendant Whitaker wrote plaintiffs that defendant Sturm was reconsidering the OIC and that plaintiffs' request for mediation was premature. On March 25, 2002 and June 3, 2002, the IRS sent plaintiffs notices of an intent to levy.

The plaintiffs bring this action against the United States and the individual defendants, who were involved in the administrative proceeding that ensued after the closing of the bankruptcy court proceeding, alleging that, during the course of the administrative collection process, the defendants violated the Tax Code, Treasury regulations and procedures and the IRS Manual. *Id.* The complaint contains fourteen widely disparate counts and alleges that: During the May 18, 2000 meeting, Defendants Chandler and Sturm refused, "by the use of insulting and inappropriate language," to allow the McGuirls to introduce relevant evidence. Compl. Count I. On May 18 and May 19, defendant Chandler "engage[d] in conduct, the natural consequences of which, was to harass, oppress and abuse taxpayers in the collection of unpaid tax." Compl. Count II. Defendant Chandler engaged in conduct "unbecoming senior employees" and "bringing discredit and ridicule on the IRS," in viola-

---

1. The Tax Court held that Mr. McGuirl was "not entitled to the claimed net operating loss (NOL) carryover," *T.C. Memo,* at 3, the NOL's were property of the bankruptcy estate, and plaintiff was liable for an addition to tax under 26 U.S.C. § 6651(a) (failure to file a time-

ly return). Ruling for plaintiff, the tax court held that James McGuirl (Mrs. McGuirl was not part of this proceeding) was not liable for an addition to tax under 26 U.S.C. § 6654(a) (failure to pay estimated income tax).

tion of the IRS Manual, by becoming agitated, exiting the conference room, and upon returning stating that "he did not want to handle [this] case." Compl. Count III. Defendants Chandler, Strum, and Whitaker "failed to obtain verification from the Secretary that the requirements of applicable law, treasure procedures or regulations were met and satisfied before making their determination in this case." Compl. Count IV. Defendants Whitaker and Chandler stated that the McGuirls were not entitled to deduct pre-petition net operating losses on their joint 1993 return. Compl. Count V–VI. Defendants Heisler and Swartzwelder allegedly falsely claimed that the Tax Court decision had been determined in favor of the government, rejected plaintiffs' OIC for reasons contrary to the guidelines in Form 886A, forwarded the plaintiffs' OIC to the Office of Appeals without the plaintiffs' knowledge or consent, and then publicly and allegedly falsely testified that they "rejected plaintiffs [OIC] after conducting an independent administrative review" and "because it was not in the best interests of the government." Compl. Count VII–X. Plaintiffs also allege that the United States engaged in conduct "the natural consequence of which is to harass, oppress and abuse the taxpayers in connection with the collection of unpaid tax" and failed to properly supervise, oversee, and supervise and train "its senior employees thus allowing them to intentionally and negligently engage in conduct, the natural consequence of which is to harass, oppress and abuse the taxpayers in connection with the collection of tax." Compl. Count X, XII. Defendant Whitaker refused to grant plaintiffs re-

quest for non-binding arbitration and the IRS sent additional Intent to Levy notices while the plaintiffs' case was under review by the Office of Appeals. Compl. Count XIII, XIV. Finally, the plaintiffs allege that all of defendants' actions set forth in the complaint were intentional. Compl. Count XI.

## ANALYSIS

■ Federal district courts are courts of limited jurisdiction and "possess only the power conferred by the Constitution and by statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Furthermore, the United States and its agencies are immune from suit unless Congress has expressly provided consent to be sued.[2] *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). There is a presumption against federal court jurisdiction and the burden is on the party asserting the jurisdiction, the plaintiffs in this case, to establish that the Court has subject matter jurisdiction over the action. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). In deciding a motion to dismiss, the court "must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiffs." *Fitts v. Federal Nat'l Mortgage Ass'n*, 44 F.Supp.2d 317, 321 (D.D.C.1999). However, because the inquiry focuses on the Court's power to hear the claim, the Court may give plaintiffs' factual allegations closer scrutiny and may consider materials outside the pleadings. *See Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F.Supp.2d 9, 13

---

**2.** The Court concludes that the proper party in the action is the United States. "The general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." *State of Hawaii v. Gordon*, 373 U.S. 57, 58, 83 S.Ct. 1052, 10 L.Ed.2d 191 (1963). The plaintiffs are suing the individual defendants in their official capacity, the relief sought would be paid out of the United States Treasury and would require affirmative action on the part of the United States and the IRS.

(D.D.C.2001); *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C.Cir.1992).

The plaintiffs' complaint states that jurisdiction is conferred under 28 U.S.C. § 1331 and the IRS Restructuring and Reform Act of 1998, Public Law 105–206. However, among the numerous statutory sections cited in the complaint, the only sections that are jurisdictional in nature are 26 U.S.C. §§ 6330 and 7433. In their Motion to Dismiss, defendants' argue that the Court lacks subject matter jurisdiction over this case because plaintiffs failed to exhaust their administrative remedies as required by section 7433 and that section 6330 is inapplicable to this case. In response, plaintiffs' filed a motion titled "Plaintiff's Motion to Dismiss the Pleading of the Defendants Entitled 'Defendants [sic] Motion to Dismiss Action' Dated August 21, 2002, and to Convert This Motion by Plaintiffs as a Motion for Summary Judgment in Favor of Plaintiffs" ("Opposition"). They argue that section 7433 does not require exhaustion and that jurisdiction is also conferred by section 6330. Although the Court is mindful of its obligation to construe the plaintiffs complaint liberally, *see Haines v. Kerner* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the Court can not overcome the unmistakable legal conclusion that it lacks subject matter jurisdiction over plaintiffs' wide-ranging criticisms of the IRS and its staff.

## A. 26 U.S.C. § 7433

Section 7433 of the Internal Revenue Code provides a cause of action, and a waiver of sovereign immunity, with respect to certain unauthorized collection actions. Subsection (a) provides that:

If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432 [which is inapplicable to this case], such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

Subsection (d)(1) limits the district court's jurisdiction as follows:

A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.

The Secretary of the Treasury has promulgated regulations for a claim for damages arising under section 7433. The regulations require that the taxpayer send their administrative claim to the district director of the district where the taxpayer resides and that it include: (i) the name, address, phone numbers and taxpayer *id.* number for the claimant; (ii) the grounds for the claim; (iii) a description of the injuries sustained by the claimant; (iv) the dollar amount of past and foreseeable future damages; and (v) the taxpayer's signature. 26 C.F.R. § 301.7433–1(e)(1), (e)(2)(i)-(v). Although the plaintiffs assert that they "have exhausted all of their remedies at least three-fold times," they offer no evidence that they pursued, let alone exhausted, the *proper* administrative remedies. Furthermore, the IRS conducted a search of its files and found no record that the McGuirls filed the proper administrative claim. Burger Decl. ¶¶ 10–11. Thus, the Court does not have jurisdiction under section 7433.

## B. 26 U.S.C. § 6330

 Section 6330 of the Internal Revenue Code governs the notice requirements and right to a hearing prior to the imposition of a levy. After a determination has been made by an appeals officer, subsection (d)(1) provides that:

> The [taxpayer] may, within 30 days of a determination under this section, appeal such determination—(A) to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or (B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.

Under this section, judicial review should be made by the district court only if the Tax Court lacks jurisdiction over the type of claim. Plaintiffs' complaint arises out of regular income tax liability, a subject matter squarely within the jurisdiction of the Tax Court. *See* Treas. Reg. § 301.6330–1(f)(2) Q & A F–3; *Hart v. I.R.S.*, 2001 WL 393699, *1 (E.D.Pa.2001); *Lewis v. I.R.S.*, 2000 WL 1793954, *2 (S.D.Tex. 2000); *McCune v. United States*, 2000 WL 378878 (N.D.Tex.2000). The plaintiffs have failed to establish that this dispute falls outside the jurisdiction of the Tax Court such that this Court would have jurisdiction over it.[3] Accordingly, this Court does not have jurisdiction under section 6330.

## CONCLUSION

Upon consideration of the defendants' Motion to Dismiss, the plaintiff's Opposition, and the entire record herein, it is hereby

**ORDERED** that the defendant's motion to dismiss is **GRANTED**; and it is further

**ORDERED** that this case is **DISMISSED**.

**SO ORDERED.**

---

**3.** Furthermore, section 6330 only provides for district court *review* of a determination. It does not provide for any of the remedies that the plaintiffs seek in their complaint. Even section 7433 does not grant the Court jurisdiction to order the termination of the individual defendants or award punitive damages.