James F. **MCGUIRL** and, **Marlene C. McGuirl**, PlaintiffS,

v.

**UNITED STATES of America, et al.** Defendants.

**No. Civ. 02–2541(RJL).**

United States District Court, District of Columbia.

March 31, 2004.

See also 2004 WL 1089104.

---

**130**

James F. McGuirl, Washington, DC, pro se.

Marlene C. McGuirl, Washington, DC, pro se.

David M. Katinsky, US Department of Justice, Washington, DC, for Defendants.

## MEMORANDUM OPINION & ORDER

LEON, District Judge.

Before the Court is defendants' Motion to Dismiss for lack of subject matter juris-

diction and failure to state a claim upon which relief can be granted. Upon consideration of the defendants' motion, the plaintiffs' opposition, and the entire record herein, the Court finds that it lacks subject matter jurisdiction over this action and dismisses the case.

## BACKGROUND

On June 21, 2002, James and Marlene McGuirl (the "McGuirls") filed a separate suit against the same defendants they are suing in this case for various acts and omissions that allegedly occurred during an administrative collection proceeding by the Internal Revenue Service ("IRS"). In that case, plaintiffs sought statutory damages under 26 U.S.C. § 7433, punitive damages, termination of employment of the individual defendants, and costs of litigation. *See McGuirl v. United States*, No. 02cv1232 (RJL). On August 21, 2002, the defendants in that case filed a Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted.[1] While that motion was pending, the plaintiffs filed a motion to amend their complaint with an additional count based on the Administrative Procedure Act (the "APA"). The defendants objected, arguing that the new count could not survive a motion to dismiss under the Anti–Injunction Act ("AIA"), 26 U.S.C. § 7421(a), and the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201. This Court denied the motion to amend on October 12, 2002. The plaintiffs appealed the order and the appeal was dismissed for lack of jurisdiction because the order was not a final order. *See McGuirl v. United States*, 2002 WL 31818483 (D.C.Cir.2002).

On December 30, 2002, the plaintiffs filed this action, alleging eight violations of

---

1. The motion to dismiss in the companion case was granted and the case dismissed for lack of jurisdiction in a separate opinion issued this same day.

the APA and seeking declaratory and injunctive relief. This complaint, however, does not allege any facts underlying the violations. Rather, the plaintiffs "cite to the Court the entire record in 02cv01232 (RJL)" and the D.C. Circuit order dismissing plaintiffs appeal from this Court's order. Compl. ¶ 8. Not surprisingly, the defendants have now filed a Motion to Dismiss this case, arguing that, the Court lacks jurisdiction to hear plaintiffs' complaint under the Anti–Injunction Act and the Declaratory Judgment Act. For the reasons stated more fully below, the Court agrees that it lack jurisdiction and dismisses the plaintiffs case.

## ANALYSIS

■ As this Court noted previously, federal district courts are courts of limited jurisdiction and "possess only the power conferred by the Constitution and by statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). There is a presumption against federal court jurisdiction and the burden is on the party asserting the jurisdiction, the plaintiffs in this case, to establish that the Court has subject matter jurisdiction over the action. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). In deciding a motion to dismiss, the court "must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiffs." *Fitts v. Federal Nat'l Mortgage Ass'n*, 44 F.Supp.2d 317, 321 (D.D.C.

1999). However, because the inquiry focuses on the Court's power to hear the claim, the Court may give plaintiffs' factual allegations closer scrutiny and may consider materials outside the pleadings. *See Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F.Supp.2d 9, 13 (D.D.C. 2001); *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C.Cir.1992).

■ The plaintiffs' complaint states that jurisdiction in this case is conferred under 28 U.S.C. § 1331, which grants original jurisdiction to district courts for all "civil actions arising under the Constitution, laws, or treaties of the United States." However, section 1331 requires that the plaintiffs allege another basis for jurisdiction in addition to section 1331, i.e. a cause of action created by a substantive federal statute. *See generally Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 494–495, 103 S.Ct. 1962, 76 L.Ed.2d 81 (1983). The only other statutes discussed in the complaint is the APA and the IRS Reform and Restructuring Act of 1998, Public Law 105–206.[2]

■ The defendants argue that, notwithstanding plaintiffs' reference to the APA, the plaintiffs' claim is barred because there is no waiver of sovereign immunity by the United States[3] for suits seeking declaratory or injunctive relief in cases involving the assessment or collection of taxes. Specifically, the Anti–Injunction Act, which is part of the Tax Code, states:

**2.** In the Court's opinion dismissing the companion case, it found that it lacked jurisdiction under the sections of the Tax Code relied upon by the plaintiffs. The Court finds that it is unnecessary to reiterate that reasoning in this opinion due to the related nature of the cases.

**3.** The Court concludes that the proper party in the action is the United States. "The general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." *State of Hawaii v. Gordon*, 373 U.S. 57, 58, 83 S.Ct. 1052, 10 L.Ed.2d 191 (1963). The plaintiffs are suing the individual defendants in their official capacity and the relief that is sought would bind the United States.

Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6331(i), 6672(b), 6694(c), and 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421(a). The Declaratory Judgment Act, which grants courts the authority to award declaratory relief, specifically exempts cases involving Federal taxes:

In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

Furthermore, this Circuit has held that an action brought under the APA is barred if it concerns the assessment or collection of federal taxes. *See Foodservice and Lodging Institute, Inc. v. Regan,* 809 F.2d 842, 844 (D.C.Cir.1987).

The plaintiffs, of course, assert in their complaint that "[t]his action does not involve the collection of taxes." Compl. ¶ 4. Plaintiffs also state that "[t]his case and the related case, 02cv1232 are not about the Tax Injunction Act or the Declaratory Judgment Act and their prohibition against tax suits. These case are about Internal Revenue procedures and how tax agents carry out those procedures." Pl. Reply to Def. Mot. to Dismiss Compl. at 1. This Court, however, need not accept plaintiffs' legal conclusions as true, *See Artis v. Greenspan,* 158 F.3d 1301, 1306 (D.C.Cir.1998), and may consider materials outside the pleadings. *Herbert v. Nat'l Acad. of Sciences,* 974 F.2d 192, 197 (D.C.Cir.1992). In fact, the plaintiffs themselves refer the Court to the complaint in their earlier case which, in extensive detail, outlines the administrative proceedings related to the assessment and potential settlement of plaintiffs' tax liability. The plaintiffs' assertion that this case does not involve the collection of taxes is therefore simply untenable. In the final analysis, the plaintiffs' complaint is the embodiment of their disagreement with certain holdings of the Tax Court, including a decision that the McGuirls were not entitled to net operating loss carryover claimed on their 1993 taxes and that the McGuirls were liable for the resulting tax liability. *See T.C. Memo 1999–21* at 3, 5 (1999). The allegations in both complaints focus entirely on attempts by the IRS to assess and collect this tax liability and the relief sought by plaintiffs would interfere with that process. In short, the complaint is totally barred by the AIA and the DJA. Accordingly, the Court grants the defendants' motion and dismisses this action with prejudice.

### CONCLUSION

It is hereby

**ORDERED** that the defendant's motion to dismiss is **GRANTED**; and it is further

**ORDERED** that this case is **DISMISSED**.

**SO ORDERED.**